377 P.2d 1017

**UNIVERSAL CONSTRUCTION COMPANY, an Arizona corporation, Appellant,**

v.

**ARIZONA CONSOLIDATED MASONRY & PLASTERING CONTRACTORS AS-SOCIATION et al., Appellees.**

No. 7387.

Supreme Court of Arizona.

In Division.

Jan. 23, 1963.

Rehearing Denied March 19, 1963.

Ira S. Broadman, Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank, Phoenix, for appellees.

UDALL, Vice Chief Justice.

Appeal from a judgment in favor of plaintiff Arizona Consolidated Masonry & Plastering Contractors Association (hereinafter referred to as Association) and plaintiff Orville Gannon (hereinafter referred to as Gannon) against defendant Universal Construction Company (hereinafter referred to as Universal) for breach of contract.

The Association, in accordance with its bylaws, conducted an activity called a "bid depository" whereby it forwarded bids of subcontractors to general contractors who were themselves bidding on various construction projects. The subcontractor using the depository agreed to pay 1% of his bid to the depository if successful. Under the plan, the bids of the subcontractors were delivered in individual sealed envelopes by messenger, the United Parcel Service, to the general contractor. The envelopes each had attached a printed form which was removed by the messenger and returned to

the bid depository after signing which reads:

"The undersigned Contractor or Company hereby acknowledges receipt of a bid from ——————— on ——————— Project, Association Job Number ———————. In so doing, the undersigned agrees with the bidder and with the Arizona Consolidated Masonry and Plastering Contractors Association that he will use one of the masonry bids on this job forwarded to him through the services of this Association, assuming the bid contained herein complies with the bidding rules of said Association.

"————————————————

"(Contractor)

"Time delivered ———
        By ———————————————
        "(This line to be signed only if signature is by Authorized Agent or Contractor)."

In the instant case, Universal was one of several general contractors bidding on a construction project at Luke Air Force Base. It made no request to the Association for bids. However, on June 3, 1959, the Association undertook to deliver to Universal by United Parcel Service messenger bids of three subcontractors, among them that of plaintiff Gannon. The envelopes containing the printed form described above were received by Thomas P. Papandrews who had been employed by Universal as an estimator for less than one week. Papandrews signed the forms on the three envelopes "Pap" and the messenger removed the forms for return to the Association. The Luke Field Project thereafter was awarded to Universal. However, a subcontractor who had not submitted a bid through the bid depository was given the work. Suit was instituted by the Association and Gannon to enforce the awarding of a contract to Gannon. The court sitting without a jury awarded judgment for $1,452.14 to Gannon for his loss of profits on his bid and judgment for $140.75 to the Association for its 1% commission. Universal appeals.

There was considerable evidence presented as to the method of operation of this "bid depository" in particular as well as those of a similar nature in general. The issue to be answered, however, is whether under the facts of this case there was a valid and binding contract between the parties. Both Gannon and the Association rely on the form signed by Papandrews, described above, as constituting the contract of the parties. Thus the action is founded on a claimed contract to use Gannon's bid or one of the other bids submitted by the Association.

The Association and Gannon contend in effect that there are two separate agree-

ments—one between Gannon and Universal, and the other between the Association and Universal. Whereas Universal asserts that no contract was entered into between itself and either of these parties or, for that matter, either of the other bidders, and that since there was no contract there would be no cause of action against Universal.

With regard to that part of the judgment following plaintiffs' Count I in their complaint below granting the Association the sum of $140.75 for breach of its alleged contract with Universal we cite Arizona Constitution, Article 6, A.R.S.:

"Section 5. The Supreme Court shall have:

\*    \*    \*    \*    \*    \*

"3. Appellate jurisdiction in all actions and proceedings *except civil and criminal actions originating in courts not of record* \* \* \*." (Emphasis supplied.)

Also we quote from A.R.S. § 22–201(B):

"Justices of the peace have exclusive original jurisdiction of all civil actions *when the amount involved,* exclusive of interest and costs, *is less than two hundred dollars* \* \* \*." (Emphasis supplied.)

A justice of the peace court is not a court of record. Arizona Constitution, Article 6, § 30. Therefore, it follows that we were not to have appellate jurisdiction of any matter, save certain exceptions enumerated in Article 6, § 5 of the Constitution, unless the sum involved exceeds two hundred dollars.

The sum of $140.75 is not such sum as to give us appellate jurisdiction in this matter. See also Arizona Corporation Commission v. Mountain States T. & T. Co., 71 Ariz. 404, 228 P.2d 749 (1951) relating to the judiciary provisions preceding the 1960 amendment.

With regard to the alleged contract between Gannon and Universal we note that the first complaint filed in the action against Universal on December 9, 1959, alleged in Count II that "It is impossible to specify which of these plaintiffs (referring to the three subcontractors who submitted bids) has thus been deprived because under the terms of the agreement the defendant was free to choose any one of them." We are wholly in accord with this allegation insofar as it refers to the impossibility of determining who is deprived. The alleged contract states "that he will use one of the masonry bids on this job forwarded to him through the services of the Association." This leaves the choice in the defendant's hands. An amended complaint was filed on January 4, 1960, which made the further allegation

that "The low bidder on the job was the plaintiff Orville Gannon, and in recognition of his standing therein, each of the other two individual plaintiffs has assigned to Orville Gannon all right, title and interest in any cause of action they may have against the defendant and in any recovery which may result therefrom."

We note that although Gannon was the lowest bidder he specifically excluded from his bid the cost of "Rebar, angles, bolts, and miscellaneous iron" whereas in the next lowest bid only "miscellaneous iron" was excluded. It is apparent that the two lowest bids did not propose to furnish the same materials. Thus indefiniteness and a lack of a meeting of the minds appears.

A bid is nothing more than an offer to perform a contract for work and labor or supplying materials. United States v. Farina, 153 F.Supp. 819 (D.C., 1957); United States v. Lipman, 122 F.Supp. 284 (D.C., 1954). It does not ripen into a contract until voluntarily accepted by the offeree.[1] There was no such acceptance in this case. Acceptance of any one of the three offers here advanced was completely discretionary with the offeree, and the lowest bid may not have been acceptable to him.[2] Consequently, the lowest bid is not the only standard to be considered. The qualification of *"lowest and best* bid" is implicit. Hodgeman v. City of San Diego, 53 Cal.App.2d 610, 128 P.2d 412 (1942); Missouri Service Co. v. City of Stanberry, 341 Mo. 500, 108 S.W.2d 25 (1937). The offeree alone is entitled to make this determination.[3]

What the three bidders have done in effect by the assignment to Gannon, the so-called lowest bidder, is to try to force a contract upon the defendant which he has not agreed to accept. This they cannot do. There is no basis for determining which one the offeree would have to accept.

As a further consideration, in Avalon Products v. Lentini, 98 Cal.App.2d 177, 219 P.2d 485 (1950); and in Schimmel v. Martin, 190 Cal. 429, 213 P. 33 (1923), it was said with regard to the indefiniteness of the price that if the price of a commodity in a sales contract is intended to be left to a later

---

1. In Sacramento Box & Lumber Co. v. Rosenberg Bros. & Co., 109 Cal.App. 56, 292 P. 146, 147, it was said: " * * * Defendant had the right to select and determine with whom it would contract and could not have another thrust upon it without its consent."

2. This might be because of its exclusion of particular items, or because he does not want to associate with a particular

bidder because of the quality of that bidder's work or because of his manner of operation on a job or because of his financial responsibility. There may be any number of reasons.

3. Aside from the offeree's right of choice, nothing in the record of this case gives any indication of which bid was the "lowest and best bid."

determination, the purported contract is merely an agreement to agree and therefore nudum pactum until the price is fixed or agreed upon. The same logic certainly would apply to the case at bar in which the parties with whom one is to contract is left for a later determination. In Forgeron Inc. v. Hansen, 149 Cal.App.2d 352, 308 P.2d 406, 411 (1957) it was said:

"An agreement to make in the future such a contract as may be agreed upon at the later time amounts to nothing, is not binding, and cannot be made the basis of a cause of action."

Then, in Mahoney v. Lester, 118 Mont. 551, 168 P.2d 339, 342 (1946) it was said:

"* * * a contract is not made so long as, in the contemplation of both parties thereto, something remains to be done to establish contract relations."

This is the situation at bar. The purported contract leaves the entering into a contract with one of the bidders undone. Consequently, it is no contract at all.

The appeal is dismissed insofar as it relates to the judgment following Count I of plaintiffs' complaint below; and the judgment is reversed insofar as it relates to the alleged agreement between Gannon and Universal set forth in Count II of that complaint.

STRUCKMEYER, J., and T. J. MAHONEY, Superior Court Judge, concur.