427 P.2d 378

Peter HABERKORN and Anna Haberkorn,
his wife, Appellants,

v.

SEARS, ROEBUCK & CO., a corporation,
Appellee.

I CA–CIV 567.

Court of Appeals of Arizona.

May 3, 1967.

No attorney of record for appellants.

Morgan & Ruch, by Lawrence G. Ruch, Phoenix, for appellee.

STEVENS, Judge.

The motion of the appellee to dismiss the appeal for lack of jurisdiction is of sufficient general interest to warrant a formal opinion. The basic issue raised by the motion concerns the jurisdiction of this Court to entertain an appeal from the Superior Court arising out of a civil action which was originally filed in the Justice Court and transferred to the Superior Court upon the timely filing of a counterclaim which was in excess of the jurisdiction of the Justice Court.

The appellee herein, as plaintiff, filed a suit in the Justice Court seeking a civil recovery in the sum of $392.70. The named defendants were Peter Haberkorn and Anna Haberkorn, his wife. Mr. and Mrs. Haberkorn filed a timely counterclaim seeking damages in the sum of $1,000 based upon a claimed tort of the plaintiff's agent. The Justice of the Peace promptly entered an order transferring the complaint and counterclaim to the Superior Court. The transfer carried with it a writ of garnishment which

the plaintiff had caused to be issued and served. The defendants filed a motion to quash the writ. The motion was denied by minute entry order which was not reduced to writing and, therefore, was not signed by the trial judge or filed with the Clerk.

## RIGHT OF APPEAL

Section 32 of the amended Article VI of the Arizona Constitution, A.R.S. relates to the jurisdiction of the Justice Courts and provides, in part, as follows:

"Section 32. * * * The jurisdiction, powers and duties * * * of justice courts * * * shall be as provided by law. * * *

"The civil jurisdiction * * * of justice courts shall not exceed the sum of two thousand five hundred dollars, exclusive of interest and costs. * * *"

Prior to the amendment of Section 22–201 A.R.S., the exclusive original jurisdiction (with some exceptions not material here) of civil cases involving less than $200, was placed in the Justice Courts. Perplexing procedural problems arose in those instances where the defendant had a claim for relief against the plaintiff, be it a permissive or a compulsory counterclaim, which was in an amount in excess of the jurisdiction of the Justice Court. This Section was amended in 1963 and 1964. As amended, again with some exceptions, the exclusive original jurisdiction in relation to civil actions involving less than $200 remained in the Justice Court. The Justice Courts were given concurrent original jurisdiction with the Superior Court where the sum sued for was $200 or more but less than $500. Subsection F of the amended Section 22–201 provides, in part:

"F. If in any action before a justice of the peace a party files a verified pleading which states as a counterclaim a claim in which the amount involved * * * is five hundred dollars or more, the justice shall so certify in his docket, and at once stop further proceedings in the action, and forward all papers, together with a certified copy of his docket

entries in the action, to the superior court, where the action shall be docketed and determined as though originally brought in the superior court. * * *"

Later in the same subsection we find the following language:

"The superior court shall have original jurisdiction of the action * * *"

Thereafter there are provisions authorizing a re-transfer to the Justice Court under certain circumstances. It is important to note that while the case is pending in the Superior Court, it is "docketed and determined as though originally brought in the Superior Court" and "the Superior Court shall have original jurisdiction of the action". In those instances wherein the civil action originates in and proceeds to judgment in the Justice Court, the right of appeal is limited to an appeal to the Superior Court. Section 22–261 A.R.S. See also Universal Construction Company v. Arizona Consolidated Masonry & Plastering Contractors Association, 93 Ariz. 4, 377 P. 2d 1017 (1963).

The amended Article VI authorizes the creation of an intermediate appellate court and Section 9 of the Article is as follows:

"The jurisdiction, powers, duties and composition of any intermediate appellate court shall be as provided by law."

The Court of Appeals was created by an Act of the Legislature in the year 1964. The appellate jurisdiction of the Court of Appeals is set forth in Section 12–120.21 A.R.S. which section provides, in part:

"§ 12–120.21 Jurisdiction and venue

"A. The court of appeals shall have:

* * * * * *

"2. Appellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court * * *"

The Act creating the Court of Appeals amended Section 12–2101 A.R.S. which as amended provides, in part:

"§ 12–2101.

"A. An appeal may be taken to the court of appeals from the superior court

in the instances specified in this section

\* \* \* \* \* \*

"F. From an order:

\* \* \* \* \* \*

"3. Dissolving or refusing to dissolve an attachment or garnishment."

The appellee urges that Section 5 of the amended Article VI and particularly Subsection 3 thereof quoted in the Universal Construction Company case, by its terms relating to the Arizona Supreme Court, establishes the absence of jurisdiction in the Court of Appeals. In that case, the Justice Court action had not been transferred to the Superior Court. In our opinion, that holding is not contrary to our opinion in this case.

■ We hold that when the complaint and counterclaim in the Justice Court are transferred to the Superior Court, the Superior Court exercises original jurisdiction, not appellate jurisdiction. We hold that its decisions are appealable to the Court of Appeals in those instances where appeals from decisions of the Superior Court are permitted by law.

If the record before us was limited solely to the question of the jurisdiction of this Court to entertain an appeal under the statutes outlined above, we would deny the motion to dismiss. There are numerous cases in the Supreme Court and in the Court of Appeals pointing out that courts exercising appellate jurisdiction do not hesitate to examine into the presence of jurisdiction even though the question is not raised by counsel. Bloch v. Bentfield, 1 Ariz.App. 412, 403 P.2d 559 (1965), citing Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 (1961). There are also later cases.

■ The order denying the motion to quash the writ of garnishment is an appealable order pursuant to the provisions of Section 12–2101 quoted above. Appealable orders must be appealable in form. Rule 54(a) and amended Rule 58(a) of the Rules of Civil Procedure, 16 A.R.S.; State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964); Blackman v. Associates Loan Company, 1 Ariz.App. 11, 398 P.2d 919 (1965), and later cases. On 13 April 1967, the Supreme Court decided the case of Eaton Fruit Company, et al. v. California Spray-Chemical Corporation, 102 Ariz. 129, 426 P.2d 397. If no problems existed other than compliance with Rules 54(a) and 58(a), we could permit the application of the Eaton Fruit principles. Unfortunately there is more.

■■ Courts may inquire as to whether a person who appears before it in a representative capacity is admitted to the practice of law. Inquiry discloses that neither Mr. nor Mrs. Haberkorn is admitted to the practice of law in Arizona. In Bloch we considered the effect of Bernard Bloch's representation of himself and his attempted representation of Nathan Bloch and Ruth Bloch. We held that he could not represent either Nathan Bloch or Ruth Bloch and where he attempted to represent them as plaintiffs in the trial court, neither Nathan Bloch nor Ruth Bloch were before the trial court or before this Court. The same legal principles preclude a husband, not a member of the Bar, from representing his wife in a court of law. This is true whether her interest be separate or community.

■ In the matter before us the Notice of Appeal and the designation of record on appeal bear the typed names of Peter Haberkorn and Anna Haberkorn with the signature of Peter Haberkorn. This constitutes a good appeal as to Peter Haberkorn but does not constitute an appeal as to Anna Haberkorn. Should we apply the Eaton Fruit case and permit a modification of the record by the securing of the formal written order, signed by the judge and filed, denying the motion to quash, we would be thereby depriving Mrs. Haberkorn of her appeal. The reason is that the written order would, in effect, relate back to the date of the minute entry order thus creating a situation wherein her sixty days to appeal has expired and no new notice of appeal could be signed by her. We do not wish to penalize Mrs. Haberkorn in a situation which can be cured.

We call the attention of the appellants to the case of City of Tucson v. Wondergem, 4 Ariz.App. 291, 419 P.2d 552 (1966), particularly in relation to the use of the record heretofore filed in this Court.

This appeal is dismissed without prejudice. The Clerk of this Court is directed to return to the Clerk of the Superior Court for Maricopa County all records received from the Clerk of the Superior Court and to retain for the period of sixty days, unless the time of retention be extended by order of this Court, the abstract of record and the appellants' opening brief. This dismissal and the directive to the Clerk of this Court shall be effective upon the issuance of the mandate in connection with this opinion.

CAMERON, C. J., and DONOFRIO, J., concur.