NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ANTHONY CAMBONI, *Plaintiff/Appellant*,

*v.*

MARK BRNOVICH, et al., *Defendants/Appellees*.

No. 1 CA-CV 18-0621
FILED 3-10-2020

Appeal from the Superior Court in Maricopa County
CV2017-050183
The Honorable James D. Smith, Judge

**AFFIRMED**

COUNSEL

Anthony Camboni, Sun City West
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Byron Jeffords Babione
*Counsel for Defendants/Appellees State of Arizona, Mark Brnovich, Susan M. Brnovich, Brian S. Rees, John R. Hannah, Jr.*

Bonnett Fairbourn Friedman & Balint PC, Phoenix
By Lisa T. Hauser, Carrie Ann Laliberte
*Counsel for Defendant/Appellee State Bar of Arizona*

Lewis Roca Rothgerber Christie LLP, Phoenix
By Todd D. Erb, Nicholas Scott Bauman
*Counsel for Defendants/Appellees Burk Panzarella Rich PC, Michael Rich, David T. Panzarella, Thomas P. Burke, II, Elizabeth L. Fleming*

Lewis Brisbois Bisgaard & Smith, LLP, Phoenix
By D. Andrew Bell
*Counsel for Defendants/Appellees Hallmark Financial Services, Inc., Hallmark Insurance Company*

Maricopa County Attorney's Office, Phoenix
By Joseph J. Branco
*Counsel for Defendant/Appellee Maricopa County*

Elardo Bragg Rossi & Palumbo, PC, Phoenix
By Tico A. Glavas
*Counsel for Defendants/Appellees Elardo Bragg Rossi & Palumbo PC, John A. Elardo, Venessa J. Bragg, Michael A. Rossi, Gary A. Kester, Rochelle D. Prins*

Renaud Cook Drury Mesaros PA, Phoenix
By John A. Klecan
*Counsel for Defendants/Appellees Brian Aaron Macias and Yolanda Barajas Munoz*

---

## MEMORANDUM DECISION

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

---

**S W A N N**, Chief Judge:

**¶1**          Anthony Camboni appeals the superior court's dismissal of his First Amended Complaint ("FAC") for failure to state a claim under Arizona Rule of Civil Procedure ("Rule") 12(b)(6), its award of attorney's fees, and the court's vexatious litigant designation. Because all of Camboni's assertions are either waived or meritless, we affirm.

### FACTS AND PROCEDRAL HISTORY

**¶2**          Camboni's FAC asserted eighteen claims against various defendants (collectively "Defendants"). These claims arise from an earlier

civil lawsuit in which Camboni and his wife, Shannon Chaboudy, sued Brian Macias and Yolanda Barajas Munoz for damages resulting from a car accident. Hallmark Insurance Company insured Macias and Munoz. Attorneys from Burke Panzarella Rich, P.L.C., and Elardo Bragg & Rossi, P.C., represented the defendants in that action. The superior court judge did not allow Camboni to represent his wife because he is not an attorney. A jury awarded Camboni $2,815 in damages.

¶3 In this lawsuit, Camboni asserted claims against a variety of defendants for declaratory judgment, multiple constitutional violations, breach of an implied covenant of good faith and fair dealing, interference with a contractual relationship, abuse of process, aiding and abetting, breach of contract, intentional infliction of emotional distress, unjust enrichment, constructive fraud, and a violation of the racketeering statute. As he did in the earlier action, Camboni purported to represent Chaboudy, although she did not sign the FAC and, according to Camboni, did not know he filed it on her behalf. The FAC named the plaintiffs as "King, Ambassador Anthony Camboni, Esq." and "King, Ambassador Anthony Camboni, Esq.'s Wife."

¶4 The different groups of defendants moved to dismiss the FAC under Rule 12(b)(6).[1] In a comprehensive minute entry, the superior court dismissed all claims.[2] The court later declared Camboni a vexatious litigant, requiring him to request leave of the court before asking for any affirmative relief in this action. In a final order, the court awarded the Defendants' attorney's fees and costs. Camboni timely appeals the

---

[1] The "State defendants" include the State of Arizona, Attorney General Mark Brnovich, Superior Court Judges Susan Brnovich and John Hannah, and Superior Court Commissioner Brian Rees. The "Hallmark defendants" include Hallmark Financial Services, Inc. and Hallmark Insurance Co. The "EBR defendants" include Elardo Bragg & Rossi, P.C., and the individual attorneys from that firm, John A. Elardo, Venessa J. Bragg, Michael A. Rossi, Simon P. Larscheidt, Gary A. Kester, and Rochelle D. Prins. The "BPR defendants" include Burke Panzarella Rich, P.L.C., and the individual attorneys in that firm, Michael Rich, David T. Panzarella, Thomas P. Burke, II, and Elizabeth Fleming. Maricopa County, the Arizona State Bar, and the defendants from the prior lawsuit, Macias and Munoz, were also named defendants in this action.

[2] The court dismissed the FAC as to Macias and Munoz in a separate order.

dismissal of the FAC, the award of attorney's fees, and the vexatious litigant designation.

## DISCUSSION

I.    CAMBONI'S OPENING BRIEF FAILS TO COMPLY WITH ARCAP 13.

**¶5**    As a preliminary matter, we note that Camboni's opening brief fails to comply with ARCAP 13(a), which requires an opening brief to include citations to relevant parts of the record, as well as the authorities and statutes relied upon. *See* ARCAP 13(a)(7). Failure to properly raise an argument on appeal, in most cases, results in abandonment and waiver of that argument. *See Schabel v. Deer Valley Unified Sch. Dist. No. 97,* 186 Ariz. 161, 167 (App. 1996); *State Farm Mut. Auto. Ins. Co. v. Novak,* 167 Ariz. 363, 370 (App. 1990). Camboni makes several broad generalizations unsupported by any factual or legal arguments or citations. His brief also raises many arguments that were not raised in the superior court. *See Hawkins v. Allstate Ins. Co.,* 152 Ariz. 490, 503 (1987) (noting arguments raised for the first time on appeal, including constitutional challenges, may be waived).

**¶6**    Defendants jointly moved to dismiss the appeal for failing to comply with ARCAP 13(a), which another panel of this court denied without prejudice. The Defendants again ask this court to dismiss the appeal or summarily affirm the superior court's order. Despite Camboni's noncompliance with ARCAP 13(a), we will address the arguments on appeal to the extent they are not waived.[3]

II.    THE SUPERIOR COURT PROPERLY DISMISSED THE FAC.

**¶7**    We review de novo the superior court's dismissal of a complaint. *Coleman v. City of Mesa,* 230 Ariz. 352, 355, ¶ 7 (2012). In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), we "assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom." *Cullen v. Auto-Owners Ins. Co.,* 218 Ariz. 417, 419, ¶ 7 (2008). Because we consider only the complaint's well-pled facts, "mere conclusory statements are insufficient to state a claim

---

[3]    The opening brief lists ten issues on appeal. The issues listed do not correspond to the arguments in the brief. We address the arguments as best as we can determine Camboni's position, but our role is not to develop a party's arguments. *Ace Auto. Prods., Inc. v. Van Duyne,* 156 Ariz. 140, 143 (App. 1987).

upon which relief can be granted." *Id.* Dismissal is appropriate if the plaintiff "would not be entitled to relief under any facts susceptible of proof in the statement of the claim." *Mohave Disposal, Inc. v. City of Kingman,* 186 Ariz. 343, 346 (1996).

A. ARGUMENTS NOT RAISED BELOW OR PROPERLY DEVELOPED ON APPEAL ARE WAIVED.

1. CAMBONI DID NOT RAISE THE ARGUMENT BELOW THAT DISMISSING THE FAC VIOLATED HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL AND DUE PROCESS.

¶8 Camboni argues that dismissing the FAC violated his constitutional right to a jury trial and due process. *See* Ariz. Const. art. 2, §§ 4, 23. He did not raise this argument in response to the motions to dismiss; therefore, it is waived. *See Hawkins,* 152 Ariz. at 503.

¶9 The grant of a motion to dismiss for failure to state a claim is analogous to the summary disposition authorized under Rule 56, and granting summary judgment does not violate a party's right to a jury trial. *Orme Sch. v. Reeves,* 166 Ariz. 301, 308–09 (1990) (holding the grant of summary judgment does not violate right to jury trial guaranteed in Art. 2, § 23 of Arizona Constitution). Here, Camboni's claims were not legally sufficient; therefore, a jury would have had nothing to consider.

2. CAMBONI DID NOT RAISE THE ARGUMENT THAT UNSIGNED MOTIONS TO DISMISS WERE INSUFFICIENT.

¶10 Camboni contends the motions to dismiss were insufficient because the individual defendants did not sign them. But the attorney for the State defendants signed the motion to dismiss, which satisfies Rule 11(a)(1) ("[Motions] must be signed by at least one attorney of record in the attorney's name—or by a party personally *if the party is unrepresented.*" (emphasis added)). And because Camboni did not raise this argument in responding to the other defendants' motions to dismiss, it is waived as to those defendants. *See Hawkins,* 152 Ariz. at 503.

>    3.    CAMBONI WAIVED THE ARGUMENT THAT
>          INDIVIDUALS VIOLATED AN OATH TO UPHOLD
>          THE CONSTITUTION.

**¶11**      Camboni argues that Judge James Smith, defense counsel, the Arizona State Bar, "and/or Appellees engaged in the Professional Practice of Law" violated their sworn oaths to uphold the Arizona Constitution. Camboni waived this argument by failing to support it with appropriate citation to the record and legal authority. *See Schabel*, 186 Ariz. at 167 ("Issues not clearly raised and argued in a party's appellate brief are waived.").

**¶12**      In a conclusory statement, Camboni also alleges that the FAC presented a well-reasoned argument, sufficient facts, and complied with the Rules of Civil Procedure. This statement is not supported by any citation to relevant facts or legal arguments as required by ARCAP 13(a). Therefore, it is waived. *Id.*

### III.    THE SUPERIOR COURT JUDGE WAS NOT BIASED IN FAVOR OF DEFENDANTS.

**¶13**      Camboni argues the superior court judge showed bias in favor of the Defendants by dismissing the FAC, awarding attorney's fees to Defendants, and finding Camboni is not a licensed attorney. Trial judges are presumed to be free of bias and prejudice. *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568, ¶ 21 (App. 2013). The party alleging bias must overcome this presumption. *Id.* Without a showing of extrajudicial bias, a judicial ruling alone does not rebut this presumption. *Id.* Camboni bases his claim of bias only on the court's rulings. Therefore, he did not rebut the presumption.

### IV.    CAMBONI FAILED TO STATE A CLAIM THAT DEFENDANTS DENIED HIS CONSTITUTIONAL RIGHTS TO WORK OR TO EQUAL PRIVILEGES AND IMMUNITIES.

**¶14**      Camboni claims that the Arizona State Bar, the State defendants, and the Maricopa County defendants deprived him of his constitutional rights to work and to equal privileges and immunities because he was precluded from representing Chaboudy in court. *See* Ariz. Const. art. 2, § 13 (equal privileges and immunities) & art. 25 (right to

work).[4]  Camboni argues these defendants require all licensed attorneys to become members of the Arizona State Bar, which he contends is a labor organization.[5]  Therefore, he reasons, the State defendants, the Arizona State Bar, and Maricopa County defendants operate unconstitutionally in permitting only licensed attorneys to represent litigants in court.

**¶15**      These claims stem from the fact that Camboni is not an attorney and thus could not represent his wife in the earlier car accident lawsuit or in the action on appeal.  *See, e.g.*, *Haberkorn v. Sears, Roebuck & Co.*, 5 Ariz. App. 397, 399 (App. 1967) (holding non-lawyer husband not permitted to represent wife in court).  Arizona Supreme Court Rule 31(b) states that no person shall practice law in the state unless he or she is an active member of the state bar.  The Arizona Supreme Court, not these defendants, regulates and controls the practice of law.  *In re Shannon,* 179 Ariz. 52, 75 (1994) (citing *Hunt v. Maricopa Cty. Emps. Merit Sys. Comm'n,* 127

---

[4]      The Arizona Constitution precludes granting privileges and immunities to one class of citizens that are not equally granted to all citizens. Ariz. Const. art. 2, § 13. Article 25 of the Arizona Constitution provides:

> No person shall be denied the opportunity to obtain or retain employment because of non-membership in a labor organization, nor shall the State or any subdivision thereof, or any corporation, individual or association of any kind enter into any agreement, written or oral, which excludes any person from employment or continuation of employment because of non-membership in a labor organization.

[5]      Camboni also argues that the Arizona State Bar is a fascist, communist labor organization that is illegal under A.R.S. § 16-805, a statute disenfranchising the communist party.  Not only is this fanciful characterization unsupported by the record, but § 16-805 was held unconstitutional in *Blawis v. Bolin,* 358 F. Supp. 349, 357 (D. Ariz. 1973). *See also* Op. Ariz. Atty. Gen. I87-128 (concluding that the Arizona State Bar is not a labor organization and the Supreme Court's requirement that only members of the State Bar may practice law does not violate Article 25).

Ariz. 259, 261 (1980)).  Therefore, as to these defendants, the FAC failed to state a claim.[6]

**¶16**       To the extent this argument relates to the racketeering claim against the State defendants and the Arizona State Bar, the superior court correctly concluded that the FAC failed to plead any facts that would establish the predicate offenses necessary to show that the State defendants or the Arizona State Bar engaged in unlawful activity or a pattern of unlawful activity.  *See* A.R.S. §§ 13-2314.04(T), -2301(D)(4) (listing predicate offenses).

## V.       THE RECORD SUPPORTS THE AWARD OF ATTORNEY'S FEES.

**¶17**       The superior court ordered Camboni to pay attorney's fees under A.R.S. §§ 12-349 and 13-2314.04(N).  Camboni argues that the court failed to cite specific examples of any harassment or oppression supporting the award and states, without any legal or factual support, that the FAC presented "logical, well-reasoned, truthful claims" supported by several attachments.  We review an award of attorney's fees for an abuse of discretion.  *Hannosh v. Segal,* 235 Ariz. 108, 115, ¶ 22 (App. 2014).

**¶18**       Under § 12-349, the superior court may assess reasonable attorney's fees and costs against a party who (1) brings a claim without substantial justification, (2) brings a claim solely or primarily for delay or harassment, or (3) unreasonably expands the proceedings.  The court must set forth specific reasons for the award, A.R.S. § 12-350, but "the findings need only be specific enough to allow a reviewing court to test the validity of the judgment," *Rogone v. Correia,* 236 Ariz. 43, 50, ¶ 22 (App. 2014).  Camboni failed to object below to the lack of specific findings supporting the award of fees under § 12-349.  He is, therefore, precluded from arguing on appeal that the findings are insufficient.  *Trantor v. Fredrikson,* 179 Ariz. 299, 300–01 (1994).

**¶19**       In any event, the findings are sufficient.  A claim lacks substantial justification when it is groundless and not made in good faith.  *See* A.R.S. § 12-349(F).  Objectively, a claim is groundless if no rational argument based on the evidence or law supports it.  *Rogone,* 236 Ariz. at 50,

---

[6]       We deny Camboni's request to compel the attorneys in this litigation to produce their licenses to practice law.  This request is irrelevant to the claims in the FAC and the arguments on appeal.  It is also waived because it was not raised below.  *See Hawkins,* 152 Ariz. at 503.

¶ 22. The July 25, 2018 order detailed the reasons for denying each of the eighteen claims and found the FAC was:

> filled with often-incomprehensible allegations—allegations that this and other courts repeatedly rejected. Plaintiff unreasonably expanded the litigation by filing default applications for Defendants who appeared and defended by filing motions to dismiss. Plaintiff's repeated references to his wife as his property or slave also show that improper motives and purposes underlie his actions.

The record supports these findings.

**¶20**        Section 13-2314.04(N) also supports the award of attorney's fees as to the State defendants and Arizona State Bar. The FAC alleged these defendants violated the racketeering statute. Section 13-2314.04(N) allows the court to assess fees against a party filing a racketeering action that is frivolous, "brought or continued in bad faith, vexatiously, wantonly or for an improper or oppressive reason." The FAC alleged no facts that could arguably support any of the underlying criminal acts necessary to support a racketeering claim. *See* A.R.S. § 13-2301(D). Thus, the superior court properly concluded that Camboni brought the claims in bad faith and for an improper or oppressive purpose.

VI.    THE RECORD SUPPORTS THE VEXATIOUS LITIGANT DESIGNATION.

**¶21**        The superior court declared Camboni to be a vexatious litigant in this matter.[7] Camboni contends the evidence does not support this finding. Because this order grants injunctive relief, we have jurisdiction under A.R.S. § 12-2101(A)(5)(b). *Madison v. Groseth,* 230 Ariz. 8, 13, ¶ 16 n.8 (App. 2012). We review the court's ruling for an abuse of discretion. *See Ahwatukee Custom Estates Mgmt. Ass'n v. Turner,* 196 Ariz. 631, 634, ¶ 5 (App. 2000); *see also De Long v. Hennessey,* 912 F.2d 1144, 1146 (9th Cir. 1990).

**¶22**        The superior court designated Camboni a vexatious litigant because he repeatedly filed court actions solely or primarily to harass, unreasonably expanded court proceedings, and brought or defended court actions without substantial justification. *See* A.R.S. § 12-3201(E)(1)(a), (b), (c). In support of this conclusion, the court found (1) Camboni raised

---

[7]    This court dismissed Camboni's appeal from Administrative Order No. 2018-133, also declaring him a vexatious litigant. Therefore, that ruling is not properly before us.

several claims similar to those he has unsuccessfully raised in other actions; (2) Camboni filed default applications as to some of the Defendants who had, in fact, responded; and (3) the FAC and responsive papers here, like those in a prior appeal, were "'not based in law' but 'a cluster of arguments unrelated' to the relevant rulings." *See Camboni v. Morrison,* 1 CA-CV 12-0725, 2013 WL 6506978, at *2, ¶ 7 (Ariz. App. Dec. 10, 2013) (mem. decision). The record supports these findings. Therefore, we affirm the order declaring Camboni a vexatious litigant.

## VII.     WE AWARD REASONABLE ATTORNEY'S FEES AND COSTS ON APPEAL.

**¶23**      The Arizona State Bar and BPR defendants request an award of attorney's fees and costs under A.R.S. § 12-349(A)(1) on the basis that the appeal lacks substantial justification. Camboni raised many issues he did not raise below, and the issues that were not waived were groundless. Accordingly, we award reasonable attorney's fees to the Arizona State Bar and BPR defendants upon compliance with ARCAP 21. All Defendants are entitled to their costs under A.R.S. § 12-342(A).

## CONCLUSION

**¶24**      We affirm the judgment dismissing all claims with prejudice, the award of attorney's fees to each defendant, and the order declaring Camboni a vexatious litigant.



AMY M. WOOD • Clerk of the Court
FILED:  AA