NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SAMUEL TOLIVER, *Plaintiff/Appellant*,

*v.*

US BANK NATIONAL ASSOCIATION, *Defendant/Appellee*.

No. 1 CA-CV 25-0573

FILED 01-06-2026

Appeal from the Superior Court in Maricopa County
CV2024-037820
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Samuel Toliver, Phoenix
*Plaintiff/Appellant*

The Mortgage Law Firm, PC, Phoenix
By Christina Harper
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Daniel J. Kiley delivered the decision of the Court, in which Presiding
Judge Angela K. Paton and Judge Brian Y. Furuya joined.

**K I L E Y**, Judge:

¶1   Samuel Toliver appeals from the dismissal of his complaint for failure to state a claim. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2   In November 2016, Toliver and Robyn Craig purchased real property (the "Property") with a loan from Academy Mortgage Corporation ("Academy") secured by a deed of trust. In 2019, Academy assigned its rights to US Bank National Association ("US Bank").

¶3   In December 2024, Prime Recon LLC ("Prime") was substituted as trustee under the deed of trust and initiated foreclosure proceedings because Toliver and Craig "stopped paying their home loan[.]" That same month, Toliver and Craig filed a complaint against Prime. In January 2025, they filed an amended complaint substituting US Bank as defendant in place of Prime. The amended complaint, under "Statement of Facts and Breach" read, in its entirety:

> 12 U.S. Code 83. No national bank shall make any loan or discount on the security of the shares of its own capital stock.
>
> The fiduciary/lender did not give a loan, they drafted a note and exchanged it with the United States for lawful money to pay for the Property Warranty Deed on our behalf, they then made us sign an agreement/promissory note which became the security interest not the Property to pay a mortgage and to give them consent to control the property and full access to all the assets and proceeds. All [a]ccounts are prepaid.

¶4   Under "Applicable Law Supporting Claims" the amended complaint read, in its entirety:

> U.S. Code 83. No national bank shall make any loan or discount on the security of the shares of its own capital stock.
>
> Senate Document No. 43, 73rd Congress "The ownership of all property is in the state. Individual [*sic*]
>
> Title 18.8 – Obligation or other security of the United States
>
> FRN's are obligations of the United States HJR 192 Title 31.3123

16 CFR 444.3 unfair or deceptive cosigner practices Truth in Lending Act, Right of Rescission

Caselaw Arizona Wells Fargo Bank v. Dreyer (2014)

**¶5**      The amended complaint asserts a claim for "financial hardship" and "mental distress and [a]nguish," seeking "rescission" and "full reimbursement of all federal reserve notes paid." Toliver and Craig also moved for a temporary restraining order ("TRO"), asserting that "banks/Defendant cannot loan securities of its own shares or stocks" and "the note that was drafted on the Plaintiff's behalf by the bank belonged to the Plaintiff's." They did not explain this argument any further. They also claimed, again without elaboration, that "Defendant never offered any consideration thus making the Loan null and void[.]"

**¶6**      The superior court held an order to show cause hearing in early February 2025 at which Toliver, Craig, and counsel for US Bank appeared. The court denied the TRO and directed US Bank to respond to the amended complaint by February 26, 2025.

**¶7**      On February 27, 2025, US Bank filed a motion to dismiss, arguing that the amended complaint consisted of "conclusory allegations" of purported violations of "various United States Code sections" and baseless objections to the "securitization" of "Plaintiffs' loan obligations." These claims entitled Plaintiffs to no relief, US Bank argued, because "[n]othing [in] any agreement . . . among secondary-market participants relieved Plaintiffs of their obligations" under the Loan Agreement. The next day, Toliver and Craig filed an "Application and Affidavit for Default" because US Bank had missed, by one day, the deadline set by the court to respond to the amended complaint.

**¶8**      Toliver and Craig never responded to US Bank's motion to dismiss, and US Bank never responded to their application for entry of default. In March 2025, Toliver and Craig filed a "Motion for Entry of Default Judgment" arguing that US Bank's motion to dismiss should be rejected as untimely and that US Bank had not contested their application for default.

**¶9**      US Bank then filed a response to the application for default, asserting that it was ineffective because it was not filed until after US Bank had moved to dismiss. In the alternative, US Bank moved to set aside the default for good cause because US Bank had a meritorious defense, *i.e.*, that the amended complaint failed to state a claim for relief.

¶10  At around the same time, Toliver and Craig sold the Property to a third party.

¶11  In April 2025, the superior court granted US Bank's motion to dismiss, finding that the amended complaint failed to state a claim for relief. In May 2025, Toliver and Craig filed a "Motion to Reinstate Case," which the superior court treated as a motion to reconsider the dismissal of the amended complaint. The court refused to reconsider the dismissal and, on June 11, 2025, entered final judgment under Arizona Rule of Civil Procedure 54(c).

¶12  Toliver then filed another motion for reconsideration and, about two weeks later, filed a timely notice of appeal. The superior court denied the second motion for reconsideration. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶13  Toliver challenges the dismissal of the amended complaint, arguing that "recent audits reveal Fannie Mae profited $294,000,000" from selling their mortgage "on the secondary stock market" and that "[s]ystemic bank violations must be exposed."[1] Toliver also argues that the dismissal was a result of "Judicial Bias," alleging that the superior court "ignored fraud evidence" and improperly permitted "late filings[.]"

¶14  We review the dismissal of a complaint for failure to state a claim under Arizona Rule of Civil Procedure 12(b)(6) *de novo*. *Lane v. City of Scottsdale*, 258 Ariz. 460, 465, ¶ 10 (App. 2024). "In determining if a complaint states a claim on which relief can be granted . . . courts look only

---

[1] The notice of appeal that Toliver filed bears only his signature. Because Toliver does not contend, nor does the record indicate, that he is licensed to practice law in this state, he cannot represent another person in proceedings before this Court. *See Haberkorn v. Sears, Roebuck & Co.*, 5 Ariz. App. 397, 399 (1967). The notice of appeal was effective, therefore, only as to Toliver. On June 18, 2025, Toliver and Craig filed a document entitled an "amended notice of appeal" that they each signed. Because this document was filed more than thirty days after the entry of final judgment, this Court lacks jurisdiction to consider Craig's appeal. *See* ARCAP 9(a); *see also In re Real Property Known as 3567 E. Alvord Road*, 249 Ariz. 568, 571, ¶ 6 (App. 2020) (holding that court lacked jurisdiction to consider order forfeiting co-owner's interest in property because co-owner failed to file timely notice of appeal). Craig is not, therefore, a party to this appeal.

to the pleading itself." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012) (citation modified).

**¶15**        In dismissing the amended complaint, the superior court concluded that it failed to state a claim for relief. Acknowledging that "the Plaintiffs are representing themselves and are not trained in the law," the court held that "even with the most charitable reading, the Court cannot conclude that a claim has been properly pled."

**¶16**        The record supports the court's determination. The amended complaint alleges nothing about the parties' relationship, nor does it allege that US Bank engaged in any action that would entitle Toliver to any kind of relief. Although the amended complaint appears to challenge US Bank's financial arrangements with third parties, it pleads no facts that would suggest that Toliver has been harmed by these arrangements, or that he otherwise has standing to challenge them. *See Monroe v. Arizona Acreage LLC*, 246 Ariz. 557, 565, ¶ 31 (App. 2019) ("To initiate a claim in Arizona, a party must have standing — that is, a plaintiff must allege a distinct and palpable injury." (citation modified)). And the amended complaint makes no attempt to explain the significance of the legal authorities cited therein. The amended complaint, for example, cites "U.S. Code 83" in an apparent reference to 12 U.S.C. § 83, which prohibits a national bank from accepting as collateral the borrower's stock in the bank itself. *See Trazell v. Wilmers*, 975 F.Supp.2d 133, 143 (D.D.C. 2013) (noting that 12 U.S.C. § 83 "prohibits a bank from using the bank's capital stock as security for loans or discounts."). Nothing in the amended complaint suggests that those circumstances are present here. Likewise, the amended complaint's citation to "Title 18.8" appears to refer to 18 U.S.C. § 8, which defines the term "obligation or other security of the United States[.]" The amended complaint makes no attempt to explain how this definition has any bearing on this case.

**¶17**        The amended complaint's reference to "Senate Document No. 43, 73rd Congress" is equally puzzling. The citation appears to refer to a resolution of the United States Senate, passed in 1933, authorizing the printing of a monograph by George Cyrus Thorpe as a Senate document. *See* S. Res. 62, Doc. 43, 73rd Cong. (1933). The monograph, entitled "Contracts Payable in Gold," addresses whether loan agreements whose terms require payment in gold can be satisfied by payment in dollars instead. *See id.* As other courts have recognized, this document "is not legal authority" because it "is not a law," a "statute," a "regulation," or a "rule." *In re Rodgers*, No. 22-54229-PWB, 2022 WL 3363895 at *3 (N.D. Ga. Bkrcty. Aug. 12, 2022). In any event, Toliver has not alleged that any party to this

case agreed to make or accept payments in gold, and so this document has no possible relevance here.

**¶18**     The amended complaint's citation to "H.J.R. 192" appears to refer to House Joint Resolution 192 of 1933, the resolution that "suspended the gold standard in the United States." *Broughton v. Truist Bank*, 23-CV-6042, 2024 WL 3227948 at *3 (S.D.N.Y. June 27, 2024). Toliver has utterly failed, however, to offer any explanation for his position that the abandonment of the gold standard almost a century ago somehow entitles him to relief in this case. Because Toliver has not presented a coherent argument on this point, we decline to consider it further. *See Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996) ("Issues not clearly raised and argued in a party's appellate brief are waived.").

**¶19**     The amended complaint includes a cursory reference to "unfair or deceptive cosignor [*sic*] practices," without articulating any supporting facts or identifying the specific "practices" to which Toliver objected. In his briefing on appeal, Toliver asserts that "US Bank failed to comply with disclosure requirements, issued fraudulent 1099s." We cannot determine if this assertion is offered in support of the amended complaint's claim for "unfair or deceptive cosignor [*sic*] practices," or if the assertion raises a new argument for the first time on appeal. In either case, the argument is unintelligible, and we do not consider it further. *Schabel*, 186 Ariz. at 167.

**¶20**     In his reply brief, Toliver states that "US Bank failed to disclose TILA (15 U.S.C. § 1638) and RESPA (12 CFR 1024.36) protections[.]" Because Toliver asserted no such claim in the amended complaint or in his opening brief, he waived it, and we do not consider it. *Westin Tucson Hotel Co. v. State Dep't of Revenue*, 188 Ariz. 360, 364 (App. 1997) ("[A] claim raised for the first time in a reply is waived.").

**¶21**     Toliver's claim of alleged judicial bias is equally unavailing. "A party who challenges a judge's impartiality must overcome the presumption that superior court judges are free of bias and prejudice." *Contreras v. Bourke*, __ Ariz. __, __, ¶ 25, 574 P.3d 224, 229 (2025) (citation modified). "Judicial rulings alone do not support a finding of bias or partiality without a showing of an extrajudicial source of bias or deep-seated favoritism." *State v. Macias*, 249 Ariz. 335, 342, ¶ 22 (App. 2020).

**¶22**     In support of his claim of bias, Toliver asserts that the superior court allegedly "[c]onfused late filings and defaults[.]" Evidently, Toliver objects to the court's decision to address US Bank's motion to dismiss on

the merits even though it was filed a day after the deadline set by the court. But even if US Bank could be said to have been in default by failing to timely respond to the amended complaint, Arizona Rule of Civil Procedure ("Rule") 55(a)(5) afforded US Bank an opportunity to cure. *See* Ariz. R. Civ. P. 55(a)(5) ("A default will not become effective if the party claimed to be in default pleads or otherwise defends . . . within 10 days after the application for entry of default is filed."). Because US Bank filed its motion to dismiss before the expiration of Rule 55(a)(5)'s cure period, the superior court properly declined to enter a default judgment against US Bank.

**¶23** Toliver offers no other basis for his claim of judicial bias other than his disagreement with the court's rulings, which, as a matter of law, is insufficient to overcome the presumption that the judge was impartial. *Macias*, 249 Ariz. at 342, ¶ 22. Moreover, a review of the record reveals that the superior court treated Toliver respectfully and fairly. Toliver's allegation to the contrary has no basis in the record.

**¶24** The amended complaint fails to set forth a coherent, cognizable claim for relief, and the superior court did not err in granting US Bank's motion to dismiss.[2]

## CONCLUSION

**¶25** For the foregoing reasons, we affirm. As the prevailing party on appeal, US Bank is entitled to recover its costs upon compliance with ARCAP 21(b).



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR

---

[2] During the pendency of this appeal, Toliver filed a motion entitled "Motion for Expedited Ruling on Appeal Pursuant to ARCAP 27 and ARCP 60(b)" in which he asked this Court to issue its decision "no later than January 15, 2026." We deny Toliver's motion as moot.