IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GABRIEL MACIAS, *Petitioner*.

No. 1 CA-CR 19-0408 PRPC
FILED 6-25-2020

Petition for Review from the Superior Court in Yuma County
No. S1400CR201400522
The Honorable Stephen J. Rouff, Judge *Pro Tempore*
The Honorable John Neff Nelson, Judge (retired)

**REVIEW GRANTED; RELIEF DENIED**

### COUNSEL

Yuma County Attorney's Office, Yuma
By Charles Platt
*Counsel for Respondent*

Perkins Coie LLP, Phoenix
By Jean-Jacques Cabou, Thomas D. Ryerson, and Matthew R. Koerner
*Counsel for Petitioner*

**OPINION**

Presiding Judge Paul J. McMurdie delivered the opinion of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

**M c M U R D I E**, Judge:

¶1 Petitioner Gabriel Macias seeks review from the superior court's dismissal of his petition for post-conviction relief under Arizona Rule of Criminal Procedure ("Rule") 32.[1] We grant review but deny relief. We hold: (1) the superior court did not abuse its discretion by denying an evidentiary hearing on Macias' claim of juror misconduct after interviews with jurors revealed that jurors prematurely deliberated; (2) appellate counsel did not render ineffective assistance by failing to anticipate future developments in the law; (3) the doctrine of spoliation does not relieve a defendant of the obligation to allege a colorable claim of ineffective assistance of counsel; and (4) appellate counsel did not render ineffective assistance by failing to raise a technical violation in the charging document or a vagueness challenge to the crime of providing harmful items to minors.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Macias taught fourth, fifth, and sixth grades and sex education classes from 2003 to 2006. In 2013, one of Macias' former students (E.V.) reported to the police that when he was a student, Macias touched him inappropriately. During the subsequent investigation, the police located other former students who also claimed that Macias inappropriately touched them. Several of these victims claimed Macias showed them pornographic material at his home.

---

[1] Effective January 1, 2020, our supreme court amended the post-conviction relief rules. *See State v. Botello-Rangel*, 248 Ariz. 429, 430, n.1 (App. 2020). The amended rules apply to all cases pending on the effective date unless a court determines that "applying the rule or amendment would be infeasible or work an injustice." *Id.* Because there were no substantive changes to the respective rules related to this decision, we apply and cite to the current rules.

¶3        The police executed a search warrant on Macias' home and seized adult pornographic videotapes; compact discs containing both adult and child pornography; adult magazines; and a college paper written by Macias that discussed, in a positive light, sex between older and younger men in ancient Greek society. The police also found a computer that contained: (1) nude videos of Macias and E.V. as a young teenager; (2) inappropriate chat messages between Macias and E.V.; and (3) two computer diary entries, both titled "Losing [E.V.]," detailing Macias' emotional turmoil after E.V.'s parents prohibited contact between them. Following his arrest, Macias granted the police access to his phone, which contained videos of E.V. masturbating and a video of Macias masturbating while whispering, "I love you [E.V.]. This is only for you."

¶4        The jurors convicted Macias of various counts and acquitted him of one count of sexual exploitation of a minor. *State v. Macias*, 1 CA-CR 15-0505, 2017 WL 1458723, *1, ¶ 1, n.1 (Ariz. App. April 25, 2017) (mem. decision). The superior court sentenced Macias to life imprisonment without the possibility of release for thirty-five years for sexual conduct with a minor and to consecutive and concurrent presumptive prison terms totaling an additional 114.25 years for all remaining counts.

¶5        Macias appealed. This court vacated Macias' convictions and sentences for sexual assault and sexual abuse based on an erroneous jury instruction relating to those two charges, *Macias*, 2017 WL 1458723, at *5, ¶ 21, and the conviction and sentence for one count of furnishing harmful items to a minor, *id.* at *12, ¶ 59. We affirmed the remaining convictions and sentences.

¶6        After the appeal, Macias filed a petition for post-conviction relief. The superior court denied relief, concluding that the petition failed to present a colorable claim. *See State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016) ("The relevant inquiry for determining whether the petitioner is entitled to an evidentiary hearing is whether he has alleged facts which, if true, would *probably* have changed the verdict or sentence. If the alleged facts would not have probably changed the verdict or sentence, then the claim is subject to summary dismissal.").

¶7        Macias filed a petition for review from the superior court's order. We have jurisdiction to consider Macias' claims under Arizona Revised Statutes ("A.R.S.") section 13-4239(C) and Rule 32.16. We grant the petition for review, but for the reasons discussed below, deny relief.

## DISCUSSION

¶8 We review the superior court's denial of post-conviction relief for an abuse of discretion, *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012), but review the interpretation of the Arizona Rules of Criminal Procedure *de novo*, *State v. Mendoza*, 248 Ariz. 6, 14–15, ¶ 12 (App. 2019). To be eligible for post-conviction relief, a defendant must strictly comply with the post-conviction rules. *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005); *State v. Carriger,* 143 Ariz. 142, 146 (1984) ("Petitioners must strictly comply with Rule 32 or be denied relief.").

**A.     The Superior Court Did Not Abuse Its Discretion by Finding Macias Failed to Present a Colorable Claim for Relief Regarding Juror Misconduct.**

¶9 Macias alleges he was deprived of an impartial jury because some jurors committed misconduct by deliberating prematurely. *See* Ariz. R. Crim. P. 32.1(a) (conviction obtained in violation of United States or Arizona Constitution); *State v. Dann,* 220 Ariz. 351, 371, ¶ 115 (2009) ("[J]uror misconduct warrants a new trial [only] if the defense shows actual prejudice or if prejudice may be fairly presumed from the facts." (alteration in original) (quoting *State v. Miller*, 178 Ariz. 555, 558 (1994))); *State v. Lehr*, 227 Ariz. 140, 151, ¶ 49 (2011). We assume, without deciding, that Macias could raise the juror misconduct claim in his first timely filed Rule 32 petition. *But cf. State v. Kolmann*, 239 Ariz. 157, 163, ¶ 25 (2016) (holding that because the juror-misconduct claim, in that case, could have been raised in a post-trial motion under Rule 24, the defendant was precluded from raising it in the post-conviction petition).

¶10 Macias has failed to allege a colorable claim of juror misconduct. Generally, defendants have the right to "an impartial jury." U.S. Const. amend. VI; Ariz. Const. art. 2, § 24. "[E]ven a single partial juror violates a defendant's constitutional right to a fair trial." *United States v. Angulo*, 4 F.3d 843, 848 (9th Cir. 1993).

¶11 It has long been the established practice that jurors in a criminal case are not to discuss trial evidence amongst themselves until the conclusion of the evidence. *See, e.g.*, *State v. Brady*, 66 Ariz. 365, 372 (1948) (admonishing jury not to discuss the matter with anyone or amongst themselves "until the case is finally submitted to you"); *State v. Rojas*, 177 Ariz. 454, 457–58 (App. 1993) (fairness requires that jurors not form fixed opinions on the merits until they retire to commence deliberations and the superior court should instruct the jurors accordingly); *see also United States v. Resko*, 3 F.3d 684, 688–89 (3d Cir. 1993) (discussing that it is a

well-established practice in federal and state courts to admonish jurors at the outset that they should not discuss the case before the conclusion of the trial).

¶12 The prohibition against premature deliberations in criminal proceedings helps to ensure that a defendant's due-process rights are protected against particular human characteristics: (1) when the jury deliberates before the defendant has had a chance to present his case, the prosecution has an "unfair influence" on the jurors' initial impressions; (2) once a juror establishes a particular view on an issue, that juror may have a "stake" in that viewpoint and give undue weight to evidence that supports rather than undercuts it; (3) individual conversations thwart the goal of a collective deliberative process by the jurors as a group; and (4) when premature deliberations occur before the jurors are instructed on the reasonable-doubt standard, jurors may reach a result based on an unconstitutional standard of proof. *United States v. Bertoli*, 40 F.3d 1384, 1393 (3d Cir. 1994).

¶13 However, courts considering premature deliberations distinguish between improper *intra*-jury communications and *extra*-jury communications, finding the latter far more likely to undermine due process because extraneous information provided to jurors or influences imposed on them "completely evade[] the safeguards of the judicial process." *Resko*, 3 F.3d at 690. When premature intra-jury communications occur, although the proper process for jury decision-making may have been violated, "there is no reason to doubt that the jury based its ultimate decision only on evidence formally presented at trial." *Id.*

¶14 Two federal cases addressing nearly identical facts demonstrate how difficult it is to obtain a reversal when the claim is raised after a verdict is rendered. In *United States v. Gianakos*, during the government's presentation of evidence, one juror mouthed to another, "he's guilty." 415 F.3d 912, 921 (8th Cir. 2005). Given the presumption that jurors impartially apply the law to the evidence and given that Gianakos offered "no allegations of external influence on the jury" rebutting the presumption, the court of appeals affirmed Gianakos' conviction. *Id.* at 921-22. The Eighth Circuit likewise did not disturb the conviction in *United States v. Caldwell*, where during the trial, one juror said, "I've heard all of this I need to hear," and another said, "this is just a bunch of crap." 83 F.3d 954, 956 (8th Cir. 1996). Caldwell offered no reason to doubt that the jury came to its verdict based on anything but the trial evidence. *Id.*

**¶15** In this case, Macias did not offer evidence of any extra-jury communications. Regarding intra-jury communications, Macias provided interviews from jurors J.B. (an alternate juror) and B.R. Juror J.B. claimed that several jurors deliberated prematurely about the evidence and the witnesses and started to make decisions before the close of the case. Juror B.R. stated that some jurors engaged in premature deliberations, with one juror saying that "he did this" and "he needs to go." Neither affidavit shows that the jury came to its verdict based on anything but the trial evidence. Accordingly, Macias has failed to establish a colorable claim for relief. *Gianakos*, 415 F.3d at 921–22; *Caldwell*, 83 F.3d at 956.[2]

## B. Macias Failed to Present a Colorable Claim of Ineffective Assistance of Counsel.

**¶16** We review for an abuse of discretion the superior court's denial of post-conviction relief based on lack of a colorable claim. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006); *State v. Krum*, 183 Ariz. 288, 293 (1995). Ordinarily, "[t]o state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *Bennett*, 213 Ariz. at 567, ¶ 21; *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ultimately, however, whether Macias' attorney rendered ineffective assistance "is a mixed question of fact and law," with the superior court's legal conclusions subject to *de novo* review. *State v.*

---

[2] Moreover, Macias cannot offer evidence of premature deliberations at a post-conviction evidentiary hearing. Rule 24.1(d) controls the admissibility of juror evidence to impeach a verdict. *See* Ariz. R. Evid. 606(b)(1) (Subject to certain exceptions, "[d]uring an inquiry into the validity of a verdict . . . a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters."); *see also* Ariz. R. Evid. 606 cmt. (amendment conforms to Federal Rule of Evidence 606 but does not list criminal cases "because the matter is covered by Arizona Rule of Criminal Procedure 24.1(d)"). Rule 24.1(d) provides: "[T]he court may not receive testimony or an affidavit that relates to the subjective motives or mental processes leading a juror to agree or disagree with the verdict." It would be pointless to conduct a hearing regarding premature deliberations when the jurors could not testify regarding the deliberative process.

*Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017) (quoting *State v. Denz*, 232 Ariz. 441, 443–44, ¶ 6 (App. 2013)).

> **1.    Macias Failed to Present a Colorable Claim That Appellate Counsel Was Ineffective When She Did Not Challenge the Child Molestation Statutes.**

**¶17**         A strong presumption exists that appellate counsel provided effective assistance. *Bennett*, 213 Ariz. at 567, ¶ 22; *State v. Valdez*, 167 Ariz. 328, 329–30 (1991). Appellate counsel is responsible for reviewing the record and selecting the most promising issues to raise in an appeal. *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995). Generally, "[a]ppellate counsel is not ineffective for selecting some issues and rejecting others." *Id.*; *Jones v. Barnes*, 463 U.S. 745, 752–53 (1983) ("There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review. . . . A brief that raises every colorable issue runs the risk of burying good arguments . . . ."). Nevertheless, if counsel ignores issues that are stronger than those selected for the appeal, a defendant can overcome the presumption of effective assistance of counsel. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

**¶18**         A decision by counsel that was arguably correct at the time will not be "second-guessed." *Greer*, 800 F.2d at 646. Counsel's failure to predict future changes in the law is not ineffectiveness because "clairvoyance" is not a required attribute of effective representation. *State v. Febles*, 210 Ariz. 589, 597, ¶ 24 (App. 2005). There is a difference between ignorance of controlling authority and the failure of an attorney to foresee future developments in the law. *Id.* "[W]e have rejected ineffective assistance claims where a defendant faults his former counsel . . . for failing to predict future law and have warned that clairvoyance is not a required attribute of effective representation." *Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002) (quotations omitted).

**¶19**         Macias contends that A.R.S. §§ 13-1401, -1410, and -1407(E) ("child-molestation statutes") were unconstitutional and argues that trial and appellate counsel were ineffective for not challenging the statutes. For his contention that the statutes were unconstitutional, he relies on *May v. Ryan*, 245 F. Supp. 3d 1145 (D. Ariz. 2017), *rev'd*, Nos. 17-15603 and -15704,

2020 WL 1492747, at *1–2 (9th Cir. Mar. 27, 2020) (mem. decision), *and rev'd*, 954 F.3d 1194, 1208 (9th Cir. 2020).[3]

**¶20** Macias waived the right to challenge the constitutionality of the statutes in this proceeding by failing to raise the argument at trial or on his direct appeal. A.R.S. § 13-4232(A)(3); Ariz. R. Crim. P. 32.2(a)(3). Macias is not entitled to relief by claiming ineffective assistance of appellate counsel.

**¶21** Appellate counsel filed Macias' opening brief in the direct appeal on August 2, 2016. The district court did not issue *May v. Ryan* until March 28, 2017. As noted by the Ninth Circuit in reversing the district court's judgment,

> [W]e conclude that May's trial counsel was not ineffective for failing to object to the constitutionality of the child molestation statute. Given the long-standing Arizona rule that the State is not required to prove sexual intent to successfully prosecute a defendant for child molestation, *see State v. Sanderson*, 898 P.2d 483, 491 (Ariz. Ct. App. 1995), which provided the background for the "prevailing professional practice at the time of the trial," *see Bobby v. Van Hook*, 558 U.S. 4, 8 (2009) (per curiam), we cannot conclude that trial counsel's failure to object to the constitutionality of the statute's placing the burden of proving lack of intent on the defendant "fell below an objective standard of reasonableness," *see Strickland*, 466 U.S. at 688.

*May v. Ryan*, 2020 WL 1492747, at *1 (footnote omitted). Appellate counsel did not render ineffective assistance by selecting more viable issues to press on appeal. Having determined that appellate counsel did not provide ineffective assistance on this issue, we need not address the claim regarding

---

[3] The legislature has amended the child-molestation statutes to eliminate the issue raised in *May*. *See* H.B. 2283, 2018 Ariz. Sess. Laws, ch. 266, §§ 1–3 (2d Reg. Sess.) (effective August 3, 2018).

trial counsel. The superior court did not abuse its discretion by concluding that Macias did not present a colorable claim on this issue.[4]

> **2.** **Macias Failed to Present a Colorable Claim That Trial Counsel Failed to Investigate Whether the Magistrate Who Issued a Stale Search Warrant Impartially Scrutinized the Warrant Application.**

**¶22** Generally, we presume that a judicial officer is impartial, and the party challenging the officer's impartiality "must prove bias or prejudice by a preponderance of the evidence." *In re Aubuchon*, 233 Ariz. 62, 66, ¶ 14 (2013) (quoting *State v. Carver*, 160 Ariz. 167, 172 (1989)); *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 63, ¶ 29 (App. 2010) (a party challenging a judicial officer's impartiality must overcome the presumption that such officers are "free of bias and prejudice" (quoting *State v. Rossi*, 154 Ariz. 245, 247 (1987))). Judicial rulings alone do not support a finding of bias or partiality without a showing of an extrajudicial source of bias or deep-seated favoritism. *See Simon*, 225 Ariz. at 63, ¶ 29; *see also Aubuchon*, 233 Ariz. at 66, ¶ 14. To rebut the presumption of judicial impartiality, "the challenging party must show actual bias; mere speculation about bias is not sufficient." *Emmett McLoughlin Realty, Inc. v. Pima County*, 212 Ariz. 351, 357, ¶ 24 (App. 2006).

**¶23** In the direct appeal, this court determined that the issuing magistrate lacked "sufficient information to establish a substantial basis for finding probable cause existed to search Macias' residence for otherwise unspecified pornographic materials more than seven years after the alleged offenses occurred." *Macias*, 2017 WL 1458723, at *3, ¶ 12. This court did not exclude the evidence seized under the search warrant because the good-faith exception to the exclusionary rule applied. *Id.* at *4, ¶¶ 13–18; *see State v. Hyde*, 186 Ariz. 252, 272–75 (1996) (good-faith exception applies even if the issuing magistrate does not fulfill his or her constitutional duty to inquire into the basis of the complaint before finding probable cause).

---

[4] On the merits, our supreme court in *State v. Holle* expressly rejected the argument Macias raises. 240 Ariz. 300, 308, ¶ 40 (2016) ("Treating lack of sexual motivation under [A.R.S.] § 13-1407(E) as an affirmative defense which a defendant must prove does not offend due process."); *State v. Chavez*, 243 Ariz. 313, 314, ¶ 4, n.2, 318–19, ¶ 17 (App. 2017) (declining to follow district court decision that disagreed with Arizona Supreme Court authority).

¶24 In the appeal, Macias argued against the application of the good-faith exception, claiming that the magistrate's conduct showed he had abandoned impartiality or was unable to act in a neutral and detached manner. *Macias*, 2017 WL 1458723, at *4, ¶ 14; *see United States v. Heffington*, 952 F.2d 275, 277–78 (9th Cir. 1991). However, to warrant exclusion of the evidence on this basis, the magistrate's conduct must exhibit "systemic or patent partiality" such that "the police knew or should have known that the magistrate was acting as a 'rubber stamp' for a police investigation." *Hyde*, 186 Ariz. at 275 (citing *Aguilar v. Texas*, 378 U.S. 108, 111 (1964), and *United States v. Breckenridge*, 782 F.2d 1317, 1321 (5th Cir. 1986)). This court held that Macias had proffered no evidence suggesting the issuing magistrate displayed systemic partiality toward law enforcement that would justify the application of the exclusionary rule. *Macias*, 2017 WL 1458723, at *4, ¶ 15.

¶25 In his petition for post-conviction relief, Macias argued that trial counsel was ineffective by failing to investigate the issuing magistrate's impartiality. Macias claimed that had trial counsel investigated the magistrate's neutrality, he would have found that the Yuma Municipal Court is not keeping records of search warrant applications that are denied. Therefore, Macias claims it is impossible for anyone who has a search warrant issued by that court to determine whether the magistrate abandoned his or her impartial role. Macias suggests we should therefore assume bias. We are not persuaded.

¶26 As noted above, we presume a judicial officer is free of bias and prejudice, and a defendant challenging impartiality must prove it by a preponderance of the evidence. A defendant does not overcome the presumption and prove impartiality by claiming the proof is not there. Whether the Yuma Municipal Court is maintaining the appropriate records does not prove that the issuing magistrate, in this case, abandoned his role. There is still no evidence that this magistrate displayed systemic partiality such that the investigating officers should have known the warrant was stale, and they could not rely on the magistrate's determination. *Hyde*, 186 Ariz. at 275.

¶27 Macias argues that we should apply the doctrine of spoliation to relieve him of his obligation to prove he was prejudiced by his lawyer's failure to investigate. We decline to expand the concept of spoliation to criminal cases.

¶28 Spoliation is a civil cause of action. "When spoliation is committed by a party to a lawsuit, it is referred to as first-party spoliation;

when committed by a non-party, it is called third-party spoliation." *Lips v. Scottsdale Healthcare Corp.*, 224 Ariz. 266, 267, ¶ 1 (2010). Arizona does not recognize third-party negligent spoliation. *Id.* at ¶ 2. Although Arizona has not explicitly recognized third-party intentional spoliation, "[e]very jurisdiction that recognizes a third-party intentional spoliation tort requires specific intent by the defendant to disrupt or injure the plaintiff's lawsuit." *Id.* at 269, ¶ 15.

**¶29** The Yuma Municipal Court is the entity that Macias contends failed to preserve rejected search-warrant requests. The municipal court is not a party to this criminal action, and Macias has not alleged that the court intentionally adopted a record-management system to disrupt or injure him. Even if the concept of spoliation applied in a criminal case, Macias failed to allege a cognizable claim.

**¶30** The superior court did not err by finding that Macias had failed to present a colorable claim that trial counsel was ineffective for not investigating the magistrate's impartiality because Macias failed to allege facts to show he was prejudiced. *Bennett*, 213 Ariz. at 567, ¶ 21.

### 3. Macias Failed to Present a Colorable Claim of Ineffectiveness Relating to the Charges of Providing Harmful Items to Minors.

**¶31** The State charged Macias with several counts of furnishing harmful items to a minor under A.R.S. § 13-3506, which provides "[i]t is unlawful for any person, with knowledge of the character of the item involved, to recklessly furnish, present, provide, make available, give, lend, show, advertise or distribute to minors any item that is harmful to minors." A.R.S. § 13-3501(1) defines the term "harmful to minors" for crimes listed in chapter 35:

> "Harmful to minors" means that quality of any description or representation, in whatever form, of nudity, sexual activity, sexual conduct, sexual excitement, or sadomasochistic abuse, when both:
>
> > (a) To the average adult applying contemporary state standards with respect to what is suitable for minors, it both:
> >
> > > (i) Appeals to the prurient interest, when taken as a whole. In order for an item as a whole to be found or intended to have an appeal to the prurient interest, it is not necessary that the item be successful in arousing or exciting any particular form of prurient interest either in

the hypothetical average person, in a member of its intended and probable recipient group or in the trier of fact.

(ii) Portrays the description or representation in a patently offensive way.

(b)    Taken as a whole does not have serious literary, artistic, political, or scientific value for minors.

The superior court instructed the jurors consistent with the statute, and Macias did not object to the instructions as given. The jurors found Macias guilty of the charged crimes.

¶32        On appeal, Macias argued, *inter alia*, that there was insufficient evidence to support the convictions for furnishing harmful items to a minor. *Macias*, 2017 WL 1458723, at *12, ¶ 54. This court agreed with Macias on one of the charged counts. *Id.* at ¶ 59. While Macias raised other issues concerning the indictment relating to furnishing harmful items to a minor, he did not argue that the indictment failed to give him notice of the definitions in A.R.S. § 13-3501. *See id.* at *5, ¶ 22.

¶33        Macias now claims that trial and appellate counsel were ineffective by not challenging the harmful-to-minor counts on the basis that (1) the indictment did not cite the definitional section of the statute, and (2) the statute is unconstitutionally vague.

¶34        Rule 13.1(d) requires that a charging document cite the statute that a defendant allegedly violated. Typically, this would include the definitional sections of the code relating to the offense. The purpose of this rule is to ensure that the defendant has adequate notice of the charges. *State v. Dungan*, 149 Ariz. 357, 361 (App. 1985). Error in the charging document regarding the citation of a statute does not invalidate a charge unless "the error misleads the defendant to his prejudice." *Id.* at 361–62 (citation was to the wrong statute but no showing of prejudice); *State v. Tresize*, 127 Ariz. 571, 574 (1980) (indictment failed to cite an enhancement section but "no resulting prejudice or surprise from the omission"); *State v. Suarez*, 137 Ariz. 368, 380 (App. 1983) (the error was a "technical defect . . . because it did not change either the nature of the offense charged nor did it prejudice [the defendant] in any way"); *see also State v. Freeney*, 223 Ariz. 110, 114, ¶ 24 (2009) ("[F]or Sixth Amendment purposes, courts look beyond the indictment to determine whether defendants received actual notice of charges, and the notice requirement can be satisfied even when a charge was not included in the indictment.").

¶35　　　　Here, there is nothing to suggest that trial counsel lacked knowledge of the definitional section of the harmful-to-minor charges. He participated in the discussion regarding the definitions, did not object to the instructions, and referred to them in his closing argument. In the petition for post-conviction relief, Macias argues that there was a technical violation regarding the indictment but does not assert that he was otherwise prejudiced. We find no error by trial counsel for failing to object to the technical error in the charging document.

¶36　　　　Likewise, appellate counsel did not render ineffective assistance by choosing to press other issues on appeal instead of a void-for-vagueness claim concerning the harmful-to-minor definition given. We have previously rejected similar claims regarding harmful-to-minor charges. *See State v. Evenson*, 201 Ariz. 209, 218, ¶¶ 34–38 (App. 2001) (furnishing material in vending machines); *State v. Hummer*, 184 Ariz. 603, 607–08 (App. 1995) (rejecting a claim that statute lacked a scienter element); *State v. Limpus*, 128 Ariz. 371, 376 (App. 1981). Appellate counsel was not ineffective by selecting more promising issues to pursue on the appeal. Macias failed to present a colorable claim on this basis.

## CONCLUSION

¶37　　　　We grant the petition for review but deny relief.

