NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

MICHAEL EUGENE BROOKS, *Petitioner.*

No. 1 CA-CR 23-0347 PRPC
FILED 3-12-2024

Petition for Review from the Superior Court in Maricopa County
No.  CR2011-007753-001
The Honorable Michael S. Mandell, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Respondent*

Tait & Hall PLLC, Phoenix
By Ryan Tait, Elizabeth M. Mullins
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge James B. Morse Jr. joined.

---

**C A T L E T T**, Judge:

¶1        Michael Brooks ("Brooks") petitions for review from the denial of his Motion for Forensic Examination of State's Evidence ("Motion to Examine") and from the dismissal of his third notice of petition for post-conviction relief ("PCR") under Rules 32.1(e) and 32.1(h) ("Notice"). We grant review but deny relief because Brooks' Motion to Examine, upon which his Notice was contingent, failed to make the requisite showing under Rule 32.6(b)(2).

**FACTS AND PROCEDURAL HISTORY**

¶2        Following an investigation, police arrested Brooks for possessing child pornography on an external hard drive found at his residence. A jury found Brooks guilty on ten counts of sexual exploitation of a minor. The superior court sentenced him to ten consecutive 12-year terms in prison. This court affirmed Brooks' convictions and sentences on direct appeal, and the Arizona Supreme Court denied Brooks' petition for review. *See State v. Brooks*, 1 CA-CR 14-0298, 2015 WL 3618829, at *4 (Ariz. App. June 9, 2015) (mem. decision).

¶3        Brooks then filed his first PCR notice in February 2016. Several months later, Brooks filed a PCR petition, which he later amended, asserting ineffective assistance of counsel and actual innocence. The superior court dismissed Brooks' first PCR petition because he failed to state a colorable claim entitling him to relief. Brooks petitioned for review; this court granted review but denied relief. *See State v. Brooks*, 2 CA-CR 2017-0325-PR, 2018 WL 286490 (Ariz. App. Jan. 4, 2018) (mem. decision).

¶4        In September 2018, Brooks moved to examine the hard drive forensically, claiming it had "not been scrutinized in detail." The superior court denied Brooks' request because he had "already gone through the appeals process and the first post-conviction relief process," and he had no PCR notice or petition pending. So Brooks filed a second PCR notice,

raising Rule 32.1(a), (e), and (h) claims. But the superior court dismissed that PCR notice on various grounds.

¶5          Brooks later moved a second time to examine the hard drive. The superior court initially granted the motion but later vacated it, explaining that it could not grant discovery "when no pending action was before the Court."

¶6          In April 2023, Brooks filed the Notice at issue here, again asserting claims under Rules 32.1(a), 32.1(e), and 32.1(h). Brooks claimed his computer expert was "now in possession of recently developed software" allowing "a more thorough review of the [] hard-drive" to prove the illegal images were "inadvertently" downloaded and viewed during a time when he has an alibi, "thereby establishing his actual innocence." Five days later, Brooks filed the Motion to Examine at issue here.

¶7          The superior court dismissed Brooks' Rule 32.1(a) claim as precluded but, "out of an abundance of caution," gave Brooks 60 days to brief his Rule 32.1(e) and Rule 32.1(h) claims. The court did not address the Motion to Examine, so Brooks requested a ruling. The court denied the Motion to Examine, concluding there was no PCR petition pending. Contrary to its prior ruling, the court said it had instructed Brooks to file a "[PCR petition] in support of the Rule 32.1(e) and Rule 32.1(h) claims no later than 30 days" after the ruling. But the court explained that, in any event, the Motion to Examine did not establish reasonable grounds to believe the hard drive would lead to evidence material to Brooks' PCR claims.

¶8          Brooks moved for reconsideration, explaining that the court had only partially dismissed his Notice and had given him 60 days to brief his 32.1(e) and 32.1(h) claims. The court denied reconsideration, disagreeing with Brooks' assertion that the Notice remained pending. The court explained that "this Ruling is intended to express with clarity that the Motion for Reconsideration is denied, the Petition for Post-Conviction Relief is denied and the Defendant's [Motion to Examine] is denied." The court confirmed it based "this denial" on Brooks' failure to show that "review[ing] the hard drive would lead to material evidence being discovered."

¶9          Brooks petitions for review of the superior court's denial of the Motion to Examine and dismissal of the Notice. We grant review under A.R.S. § 13-4239(C).

**DISCUSSION**

¶10 We review the denial of PCR for an abuse of discretion. *State v. Reed*, 252 Ariz. 236, 238 ¶ 6 (App. 2021). We also review a superior court's discovery ruling in a PCR proceeding for an abuse of discretion. *Naranjo v. Sukenic*, 254 Ariz. 467, 472 ¶ 17 (2023). We review legal conclusions *de novo*. *Id.*; *State v. Macias*, 249 Ariz. 335, 339 ¶ 8 (App. 2020).

**I.     Motion to Examine**

¶11 Brooks' Motion to Examine asserted that allowing his expert to examine the hard drive would help him establish two defenses—lack of knowing possession and alibi—he could not establish at trial "due to the lack of scrutinous examination of the State's evidence and the prior limitations of computer forensic analysis." A superior court "may allow discovery for good cause." Ariz. R. Crim. P. 32.6(b)(2). To establish good cause, "the moving party must identify the claim to which the discovery relates and reasonable grounds to believe that the request, if granted, would lead to the discovery of evidence material to the claim." *Id.* Brooks' Motion to Examine did not satisfy that standard.

¶12 Brooks asserts his newly discovered evidence is "learning that Fry's Electronics had previously sold numerous used computers and external hard drives as purportedly 'new' during the same time frame that [Brooks] bought the external hard drive in question." Brooks provided no evidentiary support for this allegation, let alone connected it to the particular hard drive at issue in his case. Brooks' unsupported allegation that Fry's sold used hard drives as new around the time Brooks purchased the hard drive, without more, did not establish reasonable grounds to believe Brooks unknowingly purchased a used hard drive already containing child pornography. Ariz. R. Crim. P. 32.6(b)(2). This is particularly true considering the superior court's comment at trial that "the evidence [Brooks] knowingly possessed the child pornography videos in question was overwhelming[.]"

¶13 Brooks also asserted that advancements in forensic technology since his conviction "allow for a more critical examination of the hard drive, in comparison to [Brooks'] alibi—that he was at work . . . at the times the pornographic videos were said to be viewed." Yet Brooks did not establish that any such advancement would produce newly discovered evidence under Rule 32.1(e). *See State v. King*, 250 Ariz. 433, 442 ¶ 37 (2021) ("Rule 32.1(e) demands that petitioners offer actual new evidence to secure a new trial in post-conviction proceedings—not for PCR counsel to unearth

new experts after trial who examine the same record as their pretrial counterparts and reach different conclusions[.]"). The motion failed to establish, for example, that examining the hard drive would prove Brooks' location when the pornographic images were downloaded or viewed. Moreover, Brooks did not provide a description of any technological advancement allowing him to discover new and material evidence. During trial proceedings, the superior court observed, "Besides [Brooks], no one was identified with any modicum of credibility to have access to [Brooks'] computer on the dates and times in question." Brooks did not establish in the Motion to Examine that, since his trial, technological advancements have occurred that would result in evidence tending to prove that someone entered his residence when he was not there, accessed his hard drive, downloaded hundreds of files containing child pornography, and then left undetected.

¶14 Brooks' claim that a forensic examination of the hard drive would help establish a lack of knowledge or the existence of an alibi did not, without evidentiary support, establish reasonable grounds to believe such an examination would lead to new and material evidence. Ariz. R. Crim. P. 32.6(b)(2). Though "'materiality' is not a stricter principle than relevancy, [and need not be] something of especially high probative value," *Naranjo*, 254 Ariz. at 473 ¶ 23, generalized speculation is not "good cause" under Rule 32.6(b)(2). The superior court did not abuse its discretion in denying the third Motion to Examine.

## II.        Rule 32.1(e) and 32.1(h) Claims

¶15 In his Notice, Brooks claimed newly discovered material facts supported relief under Rule 32.1(e), and that he was innocent under Rule 32.1(h). A defendant is entitled to relief under 32.1(e) if "newly discovered material facts probably exist, and those facts probably would have changed the judgment or sentence." Ariz. R. Crim. P. 32.1(e). To establish a claim under Rule 32.1(h), a defendant must demonstrate "by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt." Ariz. R. Crim. P. 32.1(h). Neither claim is "subject to preclusion under Rule 32.2(a)(3)." Ariz. R. Crim. P. 32.2(b).

¶16 Brooks concedes "access to the hard drive must first be granted in order for [him] to assert the grounds for relief." Thus, Brooks' remaining Rule 32 claims were contingent on examining the hard drive. And Brooks has not raised any other colorable basis for PCR, including under Rule 32.1(a). Because the court did not abuse its discretion in

denying the Motion to Examine, the court did not abuse its discretion in denying Brooks' Rule 32 claims—regardless of whether Brooks had 30 or 60 days to file a petition supporting those claims.

## CONCLUSION

¶17        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:     AA