NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In re the Matter of:

ALICIA LOREN WHARTON, f/k/a ALICIA LOREN BREVETTI,
*Petitioner/Appellant*,

*v.*

FRANCESCO GERARDO BREVETTI, *Respondent/Appellee*.

No. 1 CA-CV 23-0707 FC

FILED 10-29-2024

---

Appeal from the Superior Court in Maricopa County
No. FC2020-093239
The Honorable Charlene D. Jackson, Judge

**AFFIRMED**

---

APPEARANCES

Alicia L. Wharton
*Petitioner/Appellant*

Tiffany & Bosco, P.A., Phoenix
By Alexander Poulos
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge D. Steven Williams and Judge Daniel J. Kiley joined.

---

**B R O W N,** Judge:

¶1        Alicia Wharton ("Mother") appeals the superior court's denial of (1) her motion for relief from a final judgment, and (2) her request to strike various court filings leading up to that judgment.  Because Mother has not shown the court abused its discretion, we affirm.

## BACKGROUND

¶2        Mother and Francesco Brevetti ("Father") married in 2010 and they share three minor children.  For the last several years, Mother and Father have been involved in extensive litigation arising from the breakdown of their marital relationship.  Much of that litigation is described in this court's July 2023 memorandum decision that addressed Mother's appeal of the superior court's 2021 order for legal decision-making authority, parenting time, and child support. *See Brevetti v. Brevetti*, 1 CA-CV 21-0569 FC, 2023 WL 4633398 (Ariz. App. Jul. 20, 2023) (mem. decision) ("*Brevetti I*").  Mother's unsuccessful attempt to set aside that order forms the basis of her current appeal.  In resolving the issues she appears to be raising, we include only the pertinent procedural history.

¶3        In 2018, Mother petitioned for dissolution in Florida.  A Florida court issued a temporary parenting plan, granting Mother sole legal decision-making authority and Father parenting time per the parties' agreement. After Mother and the children moved to Arizona, Father tried to exercise his parenting time, but Mother consistently denied him access. The Florida court eventually found her in contempt and awarded Father make-up parenting time.

¶4        Father attempted to register Florida's temporary parenting plan in Arizona in February 2020.  Because the dissolution was still pending in Florida, the superior court held a conference with the Florida court under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), A.R.S. §§ 25-1001 through -1067, to determine which state had jurisdiction

over the case. The two courts determined that Florida would cede jurisdiction to Arizona after entry of a final decree.

¶5 In October 2020, the Florida court entered a final judgment of dissolution, approving the 2018 temporary parenting plan. In December 2020, after an evidentiary hearing the Arizona court issued temporary orders addressing parenting time. The court found that Mother "unreasonably denied Father any contact with the [c]hildren for more than a year" and rejected her claim that she was protecting them from "an abusive and unfit Father." The court therefore ordered a "gradual increase" in Father's parenting time and included specific requirements Mother needed to follow in its ruling, but she failed to do so. In February 2021, the court addressed Father's petition seeking enforcement of the December 2020 temporary orders. The court held Mother in contempt, reaffirmed those orders, and warned Mother of potential consequences if she failed to comply.

¶6 On March 2, 2021, Father registered the Florida dissolution order in Arizona. Both parties agree that Arizona acquired UCCJEA jurisdiction when the registration occurred. Pending before the superior court at the time were several matters, including Father's petition to modify legal decision-making authority and parenting time. Because Mother claimed that Father had engaged in domestic violence during the marriage against her and the children, the court assigned a court-appointed advisor ("CAA") for the children. After investigating, law enforcement did not find any evidence supporting Mother's allegations.

¶7 Following a June 2021 evidentiary hearing, the court issued temporary orders awarding Father sole legal decision-making authority and parenting time for the summer at his residence in California. The court highlighted that Mother had created "roadblocks" to Father's parenting time and emphasized that her "compliance (or lack of compliance) [would] be important evidence for the Court to consider when addressing potential final modifications to the current order." Mother failed to deliver the children to Father at the appointed time. An emergency hearing followed five days later, resulting in issuance of a civil arrest warrant, but law enforcement could not locate Mother or the children.

¶8 A trial was scheduled for July 2021. Mother moved to continue, citing medical concerns. The court held a status conference at which it planned to discuss necessary accommodations so the trial could occur as scheduled, but Mother failed to appear. Mother also failed to appear for trial.

**¶9**          In August 2021, the court issued its order resolving Father's petition ("August 2021 Order"), finding in part that he had "not engaged in acts of domestic violence against [Mother]," and that Mother refused to comply with court orders, "unreasonably and unlawfully [withheld] the Children from Father," and had "weaponized unsupported allegations of abuse against Father to prevent parenting time." The court expressly noted the CAA's testimony that this was "one of the worst cases of parental alienation" she had ever seen. The court granted Father sole legal decision-making authority and approved his request for relocation of the children to California. The court awarded Mother supervised parenting time in California "with the assistance of a therapeutic intervention or therapy." The court also awarded Father attorneys' fees, finding that Mother had acted unreasonably in the litigation, "abused discovery procedures and filed wasteful motions," and "knowingly presented a false claim."

**¶10**          Mother again failed to deliver the children to Father following entry of this order. Father hired private investigators to locate the children, and 16 months later the children were found in Nevada living with Mother. Father filed an emergency *ex parte* motion to renew the warrant, which authorized law enforcement to take immediate possession of the children, or if the children were not with Mother, to arrest Mother. After the superior court granted the motion, Nevada law enforcement executed the warrant and delivered the children into Father's custody.[1]

**¶11**          Mother appealed the August 2021 Order, asserting the superior court lacked jurisdiction, infringed on her civil rights, violated due process protections, and issued findings and orders without sufficient evidence. This court held that Arizona acquired jurisdiction over the dispute on March 2, 2021 but determined that "any substantive Arizona orders" issued before that date are a "nullity." *Brevetti,* 1 CA-CV 21-0569 FC, at *3, ¶¶ 7, 19. This court also concluded that Mother's civil rights had not been violated, she was afforded due process, and sufficient evidence supported the superior court's findings. *Id.* at *3–4, ¶¶ 20, 25, 29.

**¶12**          Two years later, Mother filed a motion for relief from the August 2021 Order under Arizona Rules of Family Law Procedure ("ARFLP") 85, relying on *Brevetti I* as grounds for her claim that the superior court lacked jurisdiction to issue that order. Mother also requested that the court strike all filings leading up to the August 2021 Order. The

---

[1]          The children currently live with Father in California. As of August 2023, Mother had not exercised any parenting time in California.

4

court summarily denied Mother's motion and request, and she timely appealed.[2]  We have jurisdiction over her appeal under A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶13**        Mother argues the superior court erred in denying her motion for relief.  We review a court's ruling on a motion for relief from judgment for an abuse of discretion.  *Maher v. Urman*, 211 Ariz. 543, 550, ¶ 21 (App. 2005).

**¶14**        Within six months after entry of a judgment, a party may seek relief from that judgment for various reasons, including proof of mistake, fraud, misrepresentation, newly discovered evidence, or misconduct of an opposing party.  ARFLP 85 (b)(1)–(3), (c)(1).  Within a "reasonable time," a party may challenge a judgment that is "void," or may assert "any other reason justifying relief."  ARFLP 85(b)(4), (6), (c)(1).  Mother raises numerous issues on appeal, but we confine our review to issues that were timely asserted in her motion for relief and fairly presented on appeal.  Thus, the only substantive issues we address are those that arguably relate to whether the August 2021 Order is void or that may be relevant to "any other reason justifying relief."  *See* ARFLP 85(b)(4), (6).

### A.  August 2021 Order

**¶15**        Mother argues that every filing made in, and every order issued by, the superior court before March 2, 2021, are void.  She reasons that because *Brevetti I* concluded that jurisdiction was lacking before that date, everything in the record leading up to the August 2021 Order is invalid (or "of no effect").  Mother's argument is without merit.

**¶16**        First, she fails to acknowledge what this court held in *Brevetti I*—that the "*substantive orders*" issued before March 2, 2021 "are a nullity." *Brevetti,* 1 CA-CV 21-0569 FC, at *3, ¶ 19 (emphasis added).  Nothing in *Brevetti I* suggests that any non-substantive order entered before that day is a nullity.  As to substantive orders, there appear to be two substantive rulings issued before March 2, 2021.  *Supra*, ¶ 5.  But those orders were temporary and therefore superseded by the August 2021 Order.  *See Phillips v. Schwartz in & for Cnty. of Maricopa*, 255 Ariz. 249, 252, ¶ 12 (App. 2023)

---

[2]        Father's petition for relocation and modification of parenting time, along with Mother's petition to modify legal decision-making, parenting time, and child support, are currently pending in the superior court.

(recognizing the limited scope of temporary orders, which terminate when the final decree is entered); *see also* A.R.S. § 25-316(D)(1) (stating that temporary orders do not prejudice the parties' rights that will be adjudicated at later hearings); ARFLP 47(k)(1) ("Temporary orders become ineffective and unenforceable upon termination of an action either by dismissal or following entry of a final decree[.]").

¶17　　　Second, Mother has not cited nor are we aware of any authority supporting her theory that a party's court filing is void or invalid merely because a court lacks jurisdiction to address it at the time it is filed. Except for narrow circumstances when a party's court filing may be stricken from the record, the filings made by the parties during litigation remain in the court's docket regardless of the outcome of the case.

¶18　　　Finally, Mother cites no authority supporting her view that the filings and orders entered into the superior court record before March 2, 2021, deprived the court of its ability to exercise UCCJEA jurisdiction once the Florida judgment was registered in Arizona. As confirmed in *Brevetti I*, the superior court had jurisdiction to issue the August 2021 Order; therefore, it is neither invalid nor void. *See Brevetti*, 1 CA-CV 21-0569 FC, at *3, ¶ 20; *see also Martin v. Martin*, 182 Ariz. 11, 15 (App. 1994) (explaining that a judgment or order is "void" if the court entering it "lacked jurisdiction: (1) over the subject matter, (2) over the person involved, or (3) to render the particular judgment or order entered"). Because the superior court acquired jurisdiction under the UCCJEA, the court had the authority to resolve pending motions and petitions.

¶19　　　Mother also argues the superior court lacked jurisdiction to appoint the CAA. The August 2021 Order relies on the CAA's report, which is unfavorable to Mother. Because the court appointed the CAA on March 16, 2021, two weeks after Arizona obtained jurisdiction, the court had authority to make the appointment.

¶20　　　Mother contends that Father failed to properly register the Florida order, constituting fraud upon the court. But Mother's challenge is too late. Under A.R.S. § 25-1055(D), any challenge to the registration of an out-of-state child custody determination must occur within 20 days of registration in Arizona. Furthermore, "[i]f a timely request for a hearing to contest the validity of the registration is not made, the registration is confirmed as a matter of law" and any further contest of the order is precluded. A.R.S. § 25-1055(E), (F). Thus, Mother's untimely attempt to challenge registration of the Florida order through her motion for relief lacks any reasonable basis in the law.

6

**¶21**        Mother argues the judicial officers who have issued rulings in this case were prejudiced against her because they denied her requests for relief. Denial of relief sought does not, by itself, indicate prejudice. We presume that judges are impartial. *In re Aubuchon*, 233 Ariz. 62, 66, ¶ 14 (2013). "Judicial rulings alone do not support a finding of bias or partiality without a showing of an extrajudicial source of bias or deep-seated favoritism." *State v. Macias*, 249 Ariz. 335, 342, ¶ 22 (App. 2020); *see also State v. Granados*, 235 Ariz. 321, 326, ¶ 14 (App. 2014) ("Judicial bias or prejudice ordinarily must arise from an extrajudicial source and not from what the judge has done in his participation in the case.") (citations omitted). To rebut the presumption of judicial impartiality, "the challenging party must show actual bias; mere speculation about bias is not sufficient." *Emmett McLaughlin Realty, Inc. v. Pima Cnty.*, 212 Ariz. 351, 357, ¶ 24 (App. 2006). Mother's claim lacks merit, given that she has failed to provide any evidence that the judges who have made rulings in this case were prejudiced or biased against her.

**¶22**        According to Mother, the superior court did not afford her due process because it failed to address her claims of domestic violence when the court issued its "findings, orders, and minute entries." Mother is mistaken. The August 2021 Order made specific findings on the unsubstantiated allegations of domestic violence. Moreover, Mother raised this concern in her previous appeal, and this court resolved the issue when it concluded that (1) her due process rights were not violated, and (2) sufficient evidence supported the court's finding that Father did not commit domestic violence. *Brevetti*, 1 CA-CV 21-0569 FC, at *4, ¶¶ 25, 29.

**¶23**        Mother also claims she was not afforded due process when the court renewed the warrant based on an *ex parte* motion. The warrant renewal occurred 16 months after the August 2021 Order was issued and thus it has no bearing on whether the superior court abused its discretion in denying her motion for relief.

**¶24**        For the first time on appeal, Mother cites *Hayes v. Gama*, 205 Ariz. 99 (2003), asserting the court failed to consider the children's best interests when it denied her motion for relief. Mother waived this argument by failing to raise it in her motion for relief or in her prior appeal. *See Paloma Inv. Ltd. P'ship v. Jenkins*, 194 Ariz. 133, 137, ¶ 17 (App. 1998). Moreover, she cites no authority explaining how a best-interests analysis is relevant when considering a motion filed under ARFLP 85 based on an alleged void judgment. Mother's argument fails.

### B. Request to Strike Court Documents

**¶25** Mother asked the superior court to strike "from the case record, any court document that referenced or relied upon non-jurisdictional findings from temporary orders, judgments, minute entry orders, court-rulings, pleadings, and court evaluator reports." Motions to strike may address an "insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter" in a pleading or motion. ARFLP 29(e). Even assuming that any superior court filings made before March 2021 were invalid due to lack of jurisdiction, Mother cites no authority supporting her assertion that a court must strike such filings from the superior court record. *See Engel v. Landman*, 221 Ariz. 504, 509, ¶ 15 n. 2 (App. 2009) (recognizing that motions to strike are "not properly used to voice objection to the content of a court order," and should be restricted to the "narrow purpose articulated in the rules"). The court did not abuse its discretion in denying Mother's request.

### C. Attorneys' Fees

**¶26** Father requests an award of attorneys' fees under A.R.S. § 12-349 and Arizona Rules of Civil Appellate Procedure ("ARCAP") 21 and 25. ARCAP 25 authorizes an appellate court to award attorneys' fees as a sanction if an appeal "is frivolous, or taken solely for the purpose of delay," and is intended "to discourage similar conduct in the future."

**¶27** Mother's arguments on appeal lack any legal support. She has merely reasserted arguments that were raised, or could have been raised, in *Brevetti I*. Because Mother has failed to present issues supported by "any reasonable legal theory" or a "colorable legal argument . . . about which reasonable attorneys could differ," we conclude that her appeal is frivolous. *See Matter of Levine,* 174 Ariz. 146, 153 (1993); ARCAP 25. As a sanction against Mother, we award Father reasonable attorneys' fees incurred on appeal, together with taxable costs, subject to his compliance with ARCAP 21. We need not address whether Father is entitled to attorneys' fees under A.R.S. § 12-349.

## CONCLUSION

¶28     We affirm the superior court's denial of Mother's motion for relief and the court's denial of her request to strike certain filings.

