NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

CHARLES TAYLOR CROCKETT, *Petitioner*.

No. 1 CA-CR 24-0215 PRPC

FILED 03-13-2025

---

Petition for Review from the Superior Court in Maricopa County
No. CR2011-006752-003
The Honorable David J. Palmer, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Charles Taylor Crockett, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge Randall M. Howe joined.

---

**P A T O N**, Judge:

**¶1**        Charles Taylor Crockett petitions for review from the dismissal of his fifth petition for post-conviction relief ("PCR"). We grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

**¶2**        A jury convicted Crockett of seven felonies and two misdemeanors based on his participation in a home invasion in 2012. We affirmed his convictions and sentences on direct appeal. Crockett has filed four previous PCR petitions, which the superior court summarily dismissed.

**¶3**        Crockett filed his fifth PCR seeking post-conviction relief under Arizona Rule of Criminal Procedure ("Rule") 32.1(a) and (g) which the superior court summarily dismissed. The superior court concluded that Crockett's claims were precluded under Rule 32.2(a)(2) because his claimed grounds for relief "collectively amount to a sufficiency of the evidence claim" which was rejected on direct appeal. The court concluded that regardless of preclusion, Crockett "has failed to state a claim for which relief can be granted" because he "must assert substantive claims and adequately explain the reasons for their untimely assertion." Crockett then filed this petition for review.

## DISCUSSION

**¶4**        We review the superior court's denial of a PCR petition "for an abuse of discretion, which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021). The petitioner bears the burden of establishing an abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). When the superior court determines that a petition presents no "material issue of fact or law that would entitle the defendant to relief under [Rule 32], the court *must* summarily dismiss the petition."

Ariz. R. Crim. P. 32.11(a) (emphasis added). We will affirm the superior court's decision "if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

**¶5** Crockett argues the superior court mischaracterized his "pleadings and issues" as amounting to a "sufficiency of the evidence claim." He asserts that he presented three grounds for relief: (1) misapplication of the law because the Arizona Rule of Evidence 104 evidentiary hearing was insufficient, (2) *Rehaif* error, and (3) cumulative error.

**¶6** Crockett contends he presented a Rule 32.1(a) argument that the Rule 104 evidentiary hearing was insufficient which violated his constitutional right to a fair trial. "Generally, a defendant is precluded from relief under Rule 32 based on any ground that could have been raised on appeal or in a previous PCR proceeding." *State v. Evans*, 252 Ariz. 590, 595, ¶ 10 (App. 2022); Ariz. R. Crim. P. 32.2(a)(3). Because this is a ground for relief under Rule 32.1(a), it is precluded under Rule 32.2(a)(3) because it was not raised on appeal or in any previous post-conviction proceeding. *Evans*, 252 Ariz. at 595, ¶ 10; *see also State v. Macias*, 249 Ariz. 335, 341, ¶ 20 (App. 2020). Crockett expressly states that he did not previously raise this claim.

**¶7** Crockett next argues he presented a Rule 32.1(g) ground for relief based on a change in the law resulting from *Rehaif v. United States*, 588 U.S. 225 (2019). Rule 32.1(g) provides an exception to the general preclusion rule when "there has been a significant change in the law that, *if applicable to the defendant's case*, would probably overturn the defendant's judgment or sentence." *Evans*, 252 Ariz. at 595, ¶ 10 (emphasis added); Ariz. R. Crim. P. 32.2(b) (claims for relief based on Rule 32.1(b) through (h) are not subject to preclusion under Rule 32.2(a)(3)). But *Rehaif* does not provide a basis for Rule 32.1(g) relief because there, the United States Supreme Court interpreted a federal statute that is irrelevant to this case. *Evans*, 252 Ariz. at 597, ¶ 21. Accordingly, *Rehaif* does not provide a significant change in the law applicable to Crockett's case.

**¶8** Crockett also asserts cumulative error. But Arizona courts do not recognize the cumulative error doctrine in this context. *State v. Hughes*, 193 Ariz. 72, 78-79, ¶ 25 (1998). Crockett acknowledges this and specifies that he only asserted the argument to "preserv[e] his right for habeas review." Accordingly, Crockett has not presented a ground for relief.

**¶9** Crockett has failed to show the superior court abused its discretion in dismissing his PCR petition.

## CONCLUSION

¶10     We grant review and deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR