NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ELIAS M. SERRANO, *Appellant.*

No. 1 CA-CR 25-0171

FILED 03-19-2026

Appeal from the Superior Court in Maricopa County
No. CR2021-001472-001
The Honorable Todd F. Lang, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Deborah Celeste Kinney
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joshua Messick
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1 Elias M. Serrano appeals from his convictions and sentences on the ground that an evidentiary hearing on his motion for a new trial was constitutionally inadequate. We detect no constitutional infirmity and no abuse of discretion in the superior court's denial of the new-trial motion. We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Serrano was tried for multiple sexual offenses against a minor. On each day of the trial, the juror ultimately selected as the foreperson videoed herself discussing the case. She then published the videos on TikTok after the jury returned guilty verdicts and was discharged.

¶3 Serrano timely moved for a new trial based on a portion of the recordings made after the jury, having been authorized to begin deliberations late on a Thursday, decided not to start until the next Monday. In the video, the foreperson stated:

> All right, I got nominated to foreperson because I said I wanted to do it, and I feel like it's going to fucking bite me in the ass now because I can tell that I am not on the same page with a few of the jurors. So we will be back Monday morning to deliberate and see if we can come up with a verdict. And I can already tell I'm going to butt heads with some people. So we shall see, but I will be back on Monday morning.

Her speech was overlaid with typed words stating: "i know my verdict, i could've given it within the 15 mins remaining, i know some other jurors felt the same."

¶4 The State argued that the foreperson's statements referred to permitted discussions. In response, Serrano acknowledged that the State's interpretation of the foreperson's statements was "a reasonable

assumption," but insisted that "[w]e don't know precisely when they started discussing the case" because "none of us were there." Serrano asked the court to call "all of the deliberating jurors here for testimony" because that would be "the safe approach." When the court asked whether it would "be easier just to bring in the Foreperson," Serrano agreed that "we could, certainly[,] . . . [b]ut . . . it's safer for us just to have all of them." The court ordered an evidentiary hearing with the foreperson only.

¶5        At the evidentiary hearing, the foreperson testified that her statements in the relevant video (which was played at the hearing and, along with her other videos, admitted into evidence) described the jurors' disagreement about whether to begin deliberating that day, or adjourn and return the following Monday. She testified that the jury did not deliberate at all until the postponed date and that although she expressed in a different video her readiness to vote guilty before the close of evidence, she never shared that sentiment with the other jurors. Serrano did not re-urge his request that other jurors be brought in for questioning. Instead, he stated his concern that the foreperson "treated this situation like a reality show" and asked the court to order a new trial for that and "all the reasons that [are] in the record and in the Motion."

¶6        The superior court denied Serrano's new-trial motion. Then, the court sentenced Serrano to lengthy prison terms. Serrano timely appealed from the final judgment. We have jurisdiction under Article 2, Section 24, and Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶7        Serrano's arguments on appeal concern only the denial of his new-trial motion. We review the ruling for an abuse of discretion, recognizing that new trials are disfavored. *State v. Hansen*, 156 Ariz. 291, 295 (1988). But we review alleged constitutional violations de novo. *State v. McGill*, 213 Ariz. 147, 159, ¶ 53 (2006).

¶8        To protect criminal defendants' constitutional rights to due process and an impartial jury, the jury must not discuss the case before the evidence concludes and the court authorizes deliberations. *State v. Dann*, 220 Ariz. 351, 371, ¶ 115 (2009); *State v. Macias*, 249 Ariz. 335, 339, ¶ 11 (App. 2020); *see also* Ariz. R. Crim. P. 19.3. Premature discussions risk biased and uninformed verdicts. *Macias*, 249 Ariz. at 339, ¶ 12; *State v. Rojas*, 177 Ariz. 454, 458 (App. 1993). But where there is no evidence of external influence and no showing of actual or fairly presumed prejudice from premature

deliberations, a new trial is inappropriate because in such circumstances "there is no reason to doubt that the jury based its ultimate decision only on evidence formally presented at trial." *Dann*, 220 Ariz. at 371, ¶ 115 (citation omitted); *see also Macias*, 249 Ariz. at 339-40, ¶¶ 13-14 (discussing "how difficult it is to obtain a [post-verdict] reversal" based on premature jury deliberations).

**¶9** Serrano contends that because the superior court did not hear testimony from all the jurors, he was deprived of an adequate opportunity to show premature deliberations and prejudice, in violation of his constitutional due process and appeal rights. We disagree.

**¶10** To start, we reject Serrano's reliance on Arizona Rule of Criminal Procedure ("Rule") 24.1(d). Rule 24.1(d) provides that "[i]f a verdict's validity is challenged under [Rule 24.1](c)(3), the court may receive the testimony or affidavit of any witness, including members of the jury, that relates to the conduct of a juror." Even assuming that a challenge to premature jury discussions is properly brought under Rule 24.1(c)(3)[1] such that Rule 24.1(d) applies, by its terms Rule 24.1(d) authorizes but does not require the court to receive testimony.

**¶11** To be sure, the court has discretion to investigate allegations of juror misconduct, *State v. Davolt*, 207 Ariz. 191, 207, ¶ 56 (2004), and should err on the side of granting an evidentiary hearing to permit an informed ruling, *State v. Spears*, 184 Ariz. 277, 289 (1996). And any hearing must comport with due process by giving the defendant a meaningful opportunity to be heard. *See State v. Hidalgo*, 241 Ariz. 543, 548, ¶ 10 (2017). But "[d]ue process is not a static concept; it must account for 'the practicalities and peculiarities of the case.'" *Comeau v. Ariz. State Bd. of Dental Exam'rs*, 196 Ariz. 102, 107, ¶ 20 (App. 1999) (citation omitted).

**¶12** Here, the foreperson published ambiguous statements that could have described premature jury deliberations. To clarify the statements, the court reasonably solicited testimony from their maker. She testified that the statements described a scheduling debate, that the jury did not deliberate prematurely, and that she did not tell other jurors about her early readiness to vote guilty. The court had discretion to find this

---

[1] In listing types of juror misconduct, Rule 24.1(c)(3) describes "conversing before the verdict with any interested party about the outcome of the case." It is questionable whether speaking with other jurors would qualify under this definition, or whether a challenge to such misconduct would fall under Rule 24.1(c)(5)'s catch-all provision. But we need not decide that issue here.

testimony credible. *See State v. Cox*, 217 Ariz. 353, 357, ¶ 27 (2007) (holding that questions of witness credibility and the weight to give testimony are exclusively for the factfinder). Serrano did not challenge the foreperson's credibility at the hearing, and he did not re-urge his request to bring in the other jurors to testify. Because the unchallenged testimony dissipated the specter of misconduct raised by the video evidence, the court acted reasonably in closing the hearing without seeking testimony from the other jurors. *See Davolt*, 207 Ariz. at 208, ¶ 57 (holding that the superior court has no duty to investigate "bare allegations of juror misconduct"); *cf. Macias*, 249 Ariz. at 340, ¶ 15 (affirming denial of post-conviction relief where defendant offered affidavits of two jurors describing other jurors' premature deliberations but offered no evidence of external influence). On this record—which, contrary to Serrano's contention, is sufficient to permit meaningful appellate review—we detect no due process violation.

**¶13** We also deem Serrano's reliance on *State v. Miller*, 178 Ariz. 555 (1994), misplaced. In *Miller*, the superior court abused its discretion when it refused to hold an evidentiary hearing and instead ruled based on the prosecutor's assertions that the jurors told him they were unaffected by an excused juror's improper communication. *Id.* at 557. Here, by contrast, there was no claim or evidence of external influence. Moreover, the court did not fail to take evidence.

## CONCLUSION

**¶14** The superior court properly denied Serrano's motion for a new trial. We affirm his convictions and sentences.

